Arthur v. Craig.

ARTHUR v. CRAIG.

1. **Pardon:** POWER TO GRANT CONDITIONAL. The Governor of the State has the power to annex to a pardon any condition precedent or subsequent, provided it be not illegal, immoral, or impossible to be performed.

2. ———: REVOCATION OF. Where a pardon was granted upon certain conditions, and it was stipulated therewith that upon any violation of such conditions the party pardoned should be liable to summary arrest, and to confinment in the penitentiary for the remainder of the term for which he had been sentenced, and it was further stipulated that the judgment of the executive should be conclusive as to the violation of the conditions of the pardon: *Held*, that upon the violation of the conditions of the pardon the legal status of the party became the same as it was before the pardon was granted.

*Appeal from Lee District Court.*

FRIDAY, APRIL 19.

ON the 2d day of December, 1872, Richard D. Arthur was, by the judgment of the District Court of Fayette county, sentenced to the penitentiary of this State for the term of ten years, for the crime of larceny from a building in the night time.

On the 4th day of January, 1876, his Excellency, Samuel J. Kirkwood, then Governor of this State, granted to said Arthur a conditional pardon, the conditions being in these words:

"This pardon is granted upon the following conditions, and acceptance and release under this instrument shall be an acceptance of each and all of such conditions, viz : *First*, said R. D. Arthur shall, during the remainder of the term of his sentence, refrain from the use of intoxicating liquors as a beverage ; *second*, he shall, during that time, use all proper exertion for the support of his mother and sister ; *third*, he shall not, during said time, be convicted of any offense against any of the criminal laws of the State. Should said Arthur violate either of these conditions he shall be liable to summary arrest upon the warrant of the Governor of the State for the time being, whose judgment shall be conclusive as to the sufficiency of the proof of the violation of the first and second conditions, and to be confined in the penitentiary of the State for the remainder of the term of his sentence, and this instrument to be summarily revoked."

Said pardon was thus indorsed :   "I accept the within pardon with all its conditions.

"(Signed)                                R. D. Arthur."

And upon the face of said instrument the following appears : "I subscribe to the above."

On the 26th day of March, 1877, his Excellency, J. G. Newbold, then Governor of this State, issued his warrant setting forth said conditional pardon, and reciting the violation thereof as follows :

"And, whereas, said Arthur has, as I have been informed, and am convinced, violated the first of the conditions of the pardon aforesaid, by drinking intoxicating liquors repeatedly, so much so as to become intoxicated, and, moreover, has been guilty of criminal practices which, while not of themselves constituting a violation of said conditions, are yet of such a nature as to aggravate his offense, in violation of said first condition."

Said warrant proceeds as follows :

"Now, therefore, by virtue of the authority vested in me by law, and by reason of the reservation in said conditional pardon, and of the violation aforesaid, I, J. G. Newbold, Governor

of the State of Iowa, do hereby revoke said conditional pardon, and do remand said Richard D. Arthur to the penitentiary of the State, there to be confined for the remainder of the term for which he was originally committed to said penitentiary, and I do hereby require all peace officers within the State, to whom this may be shown, to aid and assist in arresting and returning said Arthur to said penitentiary."

In pursuance of said warrant the said Arthur was arrested and returned to the penitentiary.

He thereupon instituted this proceeding in *habeas corpus*, setting forth the foregoing facts, and claiming that his imprisonment was illegal, on the grounds—*First*, because the Governor has no power to limit a pardon, and make it dependent upon conditions, and that the pardon is absolute, and the conditions void. *Second*, if the Governor has power to pardon conditionally, judicial authority must be invoked, and determination had upon the question as to whether or not he has forfeited his liberty by the violation of the conditions of his pardon. The Governor having no judicial power in this respect cannot issue a warrant of arrest or *mittimus*, to imprison, such authority belonging exclusively to the courts.

There was a demurrer to the petition upon the ground that petitioner "was pardoned conditionally, and that by the terms of the grant he was to be re-incarcerated in case of violation, and whenever the executive should so determine, and defendant is justified in holding petitioner by the warrant, a copy of which is set out in the petition."

The demurrer was overruled and the petitioner was discharged. Defendant appeals.

*J. F. McJunkin, Attorney General*, and *D. N. Sprague, District Attorney*, for appellant.

*F. H. Semple* and *J. H. Craig*, for appellee.

Arthur v. Craig.

ROTHROCK, CH. J.—I. The first question presented is: has the Governor of this State power to grant a conditional pardon? The Constitution, § 16, art. 4, provides: "The Governor shall have power to grant reprieves, commutations, and pardons, after conviction, for all offenses except treason and cases of impeachment, subject to such regulations as may be provided by law." The only restrictions upon the pardoning power imposed by law relate to pardons for murder in the first degree. Code, § 4712. As to all other crimes the power to pardon is given by the Constitution, unrestricted by any statute.

1. PARDON: conditional may be granted.

In vol. 4, p. 401, of Blackstone's Commentaries, it is said: "A pardon may also be conditional; that is, the king may extend his mercy upon what terms he pleases, and may annex to his bounty a condition, either subsequent or precedent, on the performance whereof the validity of the pardon will depend; and this is by the common law." This rule has been followed by adjudications in England, and has been so generally adopted by the courts of this country, under constitutions providing an unrestricted pardoning power, that the law must now be regarded as settled that the executive may annex to a pardon any condition, precedent or subsequent, provided it be not illegal, immoral, or impossible to be performed. *People v. Potter*, 1 Parker, 47; 1 Bishop Crim. Law, §§ 711, 712; *United States v. Wilson*, 7 Peters, 150; *Ex-parte William Wells*, 18 Howard, 307; *Flairlis' Case*, 8 Watts & Sargent, 197; *State v. Smith*, 1 Bailey (S. C.), 203.

II. The remaining question in the case is as to the effect to be given to a conditional pardon.

In *State v. Smith, supra*, it is said: "A pardon *ex vi termini* presupposes a wrong done, or an offense committed, and forgiveness of the offender by the party injured; and as the act of pardoning must necessarily be voluntary, the injured party must have the power of prescribing the atonement to be made; and it necessarily follows that the offender has the right to accept or not to accept

2. ———: revocation.

Arthur v. Craig.

the terms proposed. He may prefer to make the reparation demanded by the law for the wrong done or offense committed, or the atonement substituted, at his election." The petitioner in this case was serving a sentence imposed by the law for a crime committed. He had no legal right to demand a release from imprisonment. The pardon offered to him was an act of grace or favor upon the part of the State by its executive. He was free to accept the pardon with its conditions, or to reject it, and serve out his sentence. He chose the former, accepted the pardon, and stipulated that for a violation of the conditions the instrument might be summarily revoked by the Governor, and he should be remanded to the penitentiary for the remainder of the term of his sentence.

The conditions imposed are not illegal, immoral, or impossible to be performed, and to enforce them deprives the petitioner of no legal right. It may further, with propriety, be said that if the Governor issued his warrant for the arrest and imprisonment of the petitioner upon an insufficient showing that he had violated the conditions of the pardon, and he should be required to serve out the remainder of his term, he will only perform that which the law, by his sentence, solemnly adjudged to be just.

The court below overruled the demurrer upon the ground that the Governor could not, without notice to the petitioner, and without a hearing, determine the conditions broken, and on his warrant imprison in the penitentiary, and that he could not exercise the judicial functions necessary to determine the question, because the Constitution gives these powers to the courts alone.

Certain adjudicated cases are relied upon as holding that a violation of a conditional pardon "should be judicially determined and the execution of the sentence enforced by the court pronouncing it, or some other court of competent jurisdiction." *People· v. Potter*, 1 Parker Crim. R., 47; 9 Ind., 20; *Commonwealth v. Fouler*, 4 Call (Va.), 35.

Without entering into a discussion of the questions which are determined in these cases, it is sufficient to say that the instrument in the case at bar is unlike any to which our attention has been called. It expressly provides that the Governor may by his warrant revoke it upon such showing of a violation of the conditions as he may deem sufficient.

Upon its revocation the legal status of the petitioner must be regarded the same as it was before the pardon was'granted. It must be remembered that the pardon was an act of grace. The petitioner had no right to demand it. It was founded on no right which he could enforce in any court. What he accepted was in the nature of a favor or gift. It was not such a contract as entitled him to have a judicial determination of forfeiture, in the face of his stipulation that the Governor might revoke it upon such showing as might be satisfactory to him.

We think the demurrer should have been sustained, and the petitioner should have been remanded to the penitentiary.

REVERSED.