Shauck, J.
The plaintiff seeks to be released from the custody of the defendant. The attorney-general demurs to his petition, and, upon the hearing, admits for the purposes oi final judgment in the case that the allegations of the petition are true.
The facts thus admitted are that at the January term) A. D. 1880, of the Court of Common Pleas of Delaware County, the plaintiff was in due course of law,.convicted of the crime of assault with intent to rob, and sentenced to imprisonment in the Ohio Penitentiary, the full term of his sentence to expire on the 30th day of January, A. D. 1885. Under this sentence'' he was confined in the penitentiary until the 11th day of October, 1883, when the governor granted him a pardon upon the following condition and none other, to-wit: “ that he (the plaintiff) shall abstain from the use of intoxicating liquors as a beverage.” Upon the receipt of said pardon-the plaintiff was set at liberty, and he wholly abstained from the use of intoxicating liquors up to the 30th day of January, 1885. On the 8th day of September, 1890, the governor sent his written request to the Prosecuting Attorney of Licking county charging that the plaintiff had on the 25th day of July, 1890, violated the condition of his pardon by using intoxicating liquors as a beverage. Upon the hearing of this *596 information the probate judge found that the plaintiff had violated the condition of his pardon at the time and in the manner charged, andjthereupon sentenced him to be returned to the penitentiary to be confined at hard labor for the remainder of his original sentence. The warden has and claims no other authority for his detention.
Counsel for’plaintiff claim that the proceedings in the Probate Court of Licking County involved the plaintiff’s right to personal liberty, and that no valid order for his recommitment could be made until a jury had first found him°guilty of violating the condition of his pardon.
This position is intenable. . The plaintiff’s right to a trial by jury had been accorded him. in Delaware county. That trial resulted, in due course of law,, in depriving him of his right to liberty for the term of his sentence. The pardon was not granted as a matter of right, but as an act of executive clemency. It annulled the previous sentence only upon such valid conditions as the governor had seen fit to annex. The proceeding in the probate court was not upon the assumption that the use of intoxicating liquors as a beverage was a crime; but only that it was a breach of the condition upon which the previous valid sentence for a crime had been annulled. In the determination of the question whether the grantee of a pardon has violated its conditions he is not entitled to the intervention of a jury. State v. Chancellor, 1 Strob. Law, 347.
It is further contended that the condition annexed to this pardon is “ frivolous, whimsical, and an abuse of the discretion vested in the governor.” Section 11 of Art. 3 of the constitution confers upon the governor “ power, after conviction, to grant reprieves, commutations and pardons, for all crimes and offenses, except treasm and cases of impeachment, upon such conditions as he may think proper; subject, however, to such regulations, as to the manner of applying for pardons, as may be prescribed by law.” We are not prepared to hold that a condition, annexed to a pardon in the exercise of the power thus broadly conferred upon the governor, may be judicially annulled for any of the reasons assigned. The discretion which is said to have been abused was not exercised by any tribunal subordinate to this court, but by the head of an in *597 dependent and co-ordinate department of the government of the state. We are advised of no authority for the judicial annulment of conditions annexed to pardons, unless they are “immoral, illegal or impossible of performance.”
But assuming that we have the power thus invoked, this is certainly no case for its exercise. The crime of which Huff had been convicted was an act of violence. The'governor may have been reasonably satisfied by inference, if not by information, that its commission was due to the use of intoxicants; and that the convict’s subsequent good behavior would depend upon the observance of the condition imposed.rji Even if these reasons were not satisfactory, the authorities would require us to hold this condition valid. Wharton’s Crim. Pl. and Pr. 533; Arthur v. Craig, 48 Iowa, 264.
The remaining question is whether the condition of this pardon is to be restricted to the term of the grantee’s sentence, or requires him, on pain of reincarceration to abstain from the use of intoxicants for the remainder of his life. The question concedes the power of the governor to impose a condition which shall operate beyond the term of sentence, and assumes that the convict is bound by such condition if he accepts the pardon to which it is annexed. In the exercise of his own choice the plaintiff accepted the pardon upon the condition annexed, and his imprisonment was not such legal duress as would release him from the obligation to perform the condition. The condition is that “ he shall abstain from the use of intoxicating liquors as a beverage,” without language extending it beyond, or limiting it to, the period of his sentence. The controlling inquiry seems to be, what was reasonably understood to be the scope of this condition when the pardon was proffered by the governor and accepted by the plaintiff? It is conceivable that the governor might annex to a pardon valid conditions so onerous that the convict would decline to accept them; as, one of the conditions considered in Arthur v. Craig, that the grantee should support his mother and sister. It may be that the condition here was in no sense onerous, and that its observance throughout his life would be beneficial to the plaintiff as well as to society. But such considerations do not aid us, for the case must be deter *598 mined upon principles which would apply to conditions of every character. The terms of this pardon do not imply, and we see no reason to assume, that it was contemplated that the condition should operate beyond the term of the sentence from which the plaintiff was released by the pardon. By virtue of the previous sentence the state had no special control of the conduct of the plaintiff after January 30, 1885, and in the absence of language showing such intention, there seems to be no warrant for the conclusion that the term of such control or regulation was to be extended by the pardon. Abstinence for any time would have answered the literal terms of the condition. Abstinence for the entire period covered by his sentence was a substantial compliance with its terms and implications. If there be doubt as to the soundness of the conclusion intimated, it must, according to a familiar and beneficent rule, be resolved in favor of the plaintiff’s liberty. For it is well settled that pardons are to be construed most favorably to the grantees, and that conditions subsequent are not to be extended bj' mere inference. 4 Black, 401, ex parte Amour Hunt, 5 Ark. (Sup. Vol.) 284.
J. S. Friesner and J. A. Miles, for plaintiff.
D. K. Watson, Attorney-General, contra.
We conceive the true rule to be that the duration of a condition subsequent annexed to a pardon will be limited to the term of the grantee’s sentence, unless an intention to extend it beyond that term is manifest from the nature of the condition or the language in which it is imposed. The demurrer will be overruled; and the plaintiff discharged from custody.