Ex PARTE EDWARD ALVAREZ, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CONDITIONAL PARDONS—EFFECT OF VIOLATION OF CONDITION—PROCEDURE UPON VIOLATION OF PARDON—REVOCATION OF PARDON.

1. The law is settled that, where a criminal accepts a pardon, he accepts it subject to all its valid conditions and limitations, and will be held bound to a compliance therewith.

Ex Parte Alvarez v. The State of Florida—Syllabus.

2. Where a conditional pardon has been granted and accepted, and the convict has fulfilled the conditions thereof, the effect of the pardon becomes the same as though it were by its terms full and absolute.

3. Before delivery and acceptance a pardon may be revoked by the officer or body granting it; but if the pardon is not void in its inception, it cannot be revoked for any cause after its delivery and acceptance are complete, for then it has passed beyond the control of the officer or body who granted it, and becomes a valid and operative act, of the benefits of which its recipient can be deprived only in some appropriate legal proceeding.

4. Where a prisoner has accepted a conditional pardon and has been released from imprisonment by virtue thereof, but has violated or failed to perform the conditions or any of them, the pardon, in case of a condition precedent, does not take effect, and in case of a condition subsequent, becomes void, and the criminal may thereupon be re-arrested and compelled to undergo the punishment imposed by his original sentence, or as much thereof as he had not suffered at the time of his release.

5. Sometimes conditional pardons expressly provide that, upon violation of the condition, the offender shall be liable to summary arrest and recommitment for the unexpired portion of his original sentence. Such stipulations upon acceptance of the pardon become binding upon the convict and authorize his re-arrest and recommitment upon the terms imposed, and authorize such arrest and recommitment in the manner and by or through the official authority as stipulated in the pardon.

6. Where a convict has been released under a conditional pardon, his re-arrest and recommitment to his original sentence cannot be had upon the mere order of the Governor or Board of Pardons alone, unless such course is provided by statute, or by the express terms of the pardon. The convict, in the absence of a statute or of express provisions in the pardon to the contrary, is entitled to a hearing before some court of general criminal jurisdiction in order that he may show that he has performed the condition of

Ex Parte Alvarez v. The State of Florida—Syllabus.

the pardon, or that he has a legal  excuse for not having done so, or that he is not the same person who was  convicted; and on such a hearing the court may, in its discretion, take the verdict of a jury as to the facts involved. But the criminal is not entitled to a jury trial as a matter of right, except upon the question whether he is the same person who was convicted.  Such proceeding and enquiry is preferably to be had before the  court that  originally tried and convicted the criminal, but may properly be had before any court of the State of general criminal jurisdiction.

7.  In the absence of a statute, and unless the act constituting the violation of a condition in a  pardon is in  itself  a criminal offense,  the violation of  the condition is  not ground for a prosecution by indictment.

8.  The proceeding to test the question  whether or not there has been a violation of, or non-compliance with, the condition or conditions of a pardon is purely informal.  The established practice at the common law and in the American States, in the absence of statutory regulation and in the absence from the pardon itself of express stipulations for that purpose, is for some court of general criminal jurisdiction upon having its attention called, by affidavit or otherwise, to the fact that a pardoned convict  has  violated, or failed to comply with, the conditions of his pardon, to issue a rule, reciting the original judgment of conviction and sentence, the pardon and its  conditions  and the alleged violation of, or non-compliance with, the condition or conditions thereof, and requiring the sheriff to arrest the convict and bring him before the court to show cause, if any he can, why the original sentence imposed upon him should not be executed.  A copy of such rule should be served upon the convict at the time of his arrest.  When brought before the court upon  such rule if the prisoner denies that he is the same person who  was convicted, sentenced and pardoned, he is entitled to have a jury summarily empanelled to try such issue, but if his identity is not denied all the other facts and issues can be heard and tried by the judge alone, unless the judge,

solely within his discretion, shall see proper, for his own satisfaction, to submit the facts to a jury for determination. If it be found upon such investigation that there has not been a violation of, or non-compliance with, the condition or conditions of the pardon, or if the convict shall show to the satisfaction of the court some valid reason or excuse for such violation or non-compliance, he should be discharged from custody, but if the violation of, or non-compliance with, the condition or conditions of the pardon be established to the satisfaction of the court, without any legal reason or excuse therefor, the convict should be remanded to custody and ordered to have the original sentence imposed upon him duly executed, or so much thereof as has not been already suffered by him. Such inquiry and proceedings may properly be had on the trial of a habeas corpus proceeding instituted by the convict himself to test the validity of his arrest and detention by the sheriff for an alleged violation of the conditions of his pardon.

This case was decided by Division B.

Writ of Error to the Circuit Court for Bradford County.

### STATEMENT.

The plaintiff in error, Edward Alvarez, was convicted at the Spring term, 1899, of the Circuit Court for Bradford county of the crime of murder in the second degree and sentenced to life imprisonment in the penitentiary, and upon such sentence was so imprisoned until the 6th day of April, A. D. 1904, when he was released from custody upon the following conditional pardon granted to him by the State Board of Pardons:

"Whereas, at a meeting this day held at the Capitol at the City of Tallahassee at which were present His Excel-

lency W. S. Jennings, Governor of said State, A. C. Croom, Comptroller, B. E. McLin, Commissioner of Agriculture, who under the Constitution of said State have full power to remit fines and forfeitures, commute punishments and grant pardons after conviction, it was determined that the Edward Alvarez who was convicted at the Spring term of the Circuit Court of Bradford county, Fla., A. D. 1899, of the crime of murder in the second degree and sentenced therefor to the State prison for the period of his natural life should now upon the recommendation of a very strong petition be granted a conditional pardon upon the conditions that he hereafter lead a sober, peaceable and law-abiding life, failing in which the sheriff of any county is to rearrest him and return him to the State prison to complete the sentence so imposed. Therefore, Be it known, that the said Edward Alvarez is hereby granted a conditional pardon upon the stipulated conditions mentioned and enumerated herein.

In Testimony Whereof we have, at the Capitol, at Tallahassee, hereunto set our hands this sixth day of April, A. D. 1904.

                (Signed)    W. S. JENNINGS, Governor.
(Seal)    (Signed)    A. C. CROOM, Comptroller.
                (Signed)    B. E. McLIN, Commissioner of Agriculture."

He remained at large by virtue of the provisions of said conditional pardon until on or about the 17th day of June, A. D. 1905, when he was arrested by the sheriff of Bradford county and confined in the jail of said county under and by virtue of the following order of the State Board of Pardons made on the 15th day of June, A. D. 1905:

"Whereas at a meeting held this day at the Capitol at the city of Tallahassee at which were present His Ex-

cellency N. B. Broward, Governor of Florida, H. Clay Crawford, Secretary of State, A. C. Croom, Comptroller, B. E. McLin, Commissioner of Agriculture, W. H. Ellis, Attorney-General of said State, having full power to re-mit fines and forfeitures, commute punishments, and grant pardons after conviction, it was made to appear that Edward Alvarez, who was convicted at the Spring term of the Circuit Court, A. D. 1899, held in and for Bradford county, Florida, of the crime of murder in the second degree and sentenced therefor to the State peni-tentiary for the full term and period of his natural life, and who was later, to-wit: on the 6th day of April, 1904, by the Board of Pardons of the State of Florida granted a conditional pardon from said sentence on account of good behavior, said pardon being conditional upon the said Edward Alvarez leading, after the granting of the same, a sober, peaceable and law-abiding life, failing in which any sheriff was authorized and directed to rearrest the said Edward Alvarez and return him to the State prison to complete the remainder of said sentence. And it now appearing that the said Edward Alvarez has not kept and observed the conditions and obligations of the said conditional pardon as above granted him, but that he has been charged with the crime of continuous drunk-enness, disorderly conduct, a menace to society, &c., in said State. It is now, therefore, ordered that the condi-tional pardon heretofore granted to the said Edward Alvarez be, and the same is hereby, revoked and of no effect. And it is further ordered that any sheriff of any county of the State of Florida be and the same is hereby ordered and directed forthwith to re-arrest the said Ed-ward Alvarez and deliver him to the agent of the State prison, to complete the remainder of said sentence."

The plaintiff in error upon his arrest applied by petition for the writ of *habeas corpus* to the judge of the Circuit Court in and for Bradford county in the Eighth Judicial Circuit, but the judge of that Circuit upon the presentation of the petition recused himself certifying that he was disqualified to hear and determine the cause by reason of having been of counsel for the petitioner on his defence for the crime of which he was convicted; whereupon the petition for the writ was presented to the judge of the Fourth Judicial Circuit, who granted the writ of *habeas corpus* as prayed. The petition for the writ of *habeas corpus* set up the foregoing facts in substance, and alleged further that the last quoted order made by the Board of Pardons revoking the formerly granted conditional pardon, was made and passed without any notice to the petitioner, and without allowing him to be heard either in person, by counsel or otherwise.

The sheriff made return to the writ of *habeas corpus* therein setting up the conviction, sentence, conditional pardon, the subsequent order of the Board of Pardons revoking the conditional pardon, and ordering the arrest of the said Alvarez, and made said judgment and sentence, conditional pardon and order revoking same exhibits to his return, and alleged that he held and detained the said Alvarez by virtue of the said judgment and orders aforesaid.

The petitioner moved to quash the return of the sheriff and to be discharged from custody upon the following grounds: "1. The said return does not show any lawful reason for the re-arrest of this petitioner, nor does it set up any lawful reasons for imprisoning petitioner, nor does it set out any lawful reasons for the restraining this petitioner of his liberty.

Ex Parte Alvarez v. The State of Florida— Statement of Case.

2.  The pardon which was granted this petitioner imposes a subsequent condition to be performed by this petitioner, and whether or not this petitioner has performed or violated such condition is a question which the Board of Pardons of the State of Florida has no jurisdiction to determine.

3.  The said return does not show that petitioner was given or had any notice of the time or place of the hearing of the charges against him as set out in the order of the Board of Pardons revoking petitioner's conditional pardon, nor does it show that petitioner was furnished with a copy of the charges against him, or that he had any knowledge of the charges against him at the time the pardon was revoked.

4.  The said return does not show any constitutional or lawful right or authority in the Board of Pardons of the State of Florida for revoking the pardon granted this petitioner, nor does it show any constitutional or lawful right or authority in the said board for ordering the re-arrest of this petitioner, nor for ordering the return of this petitioner to the State prison.

5.  The said Board of Pardons had no constitutional or lawful right or authority to revoke this petitioner's conditional pardon, nor to order the re-arrest of this petitioner, nor to order the return of this petitioner to the State's prison."

Upon the hearing of this motion the Judge of the Fourth Judicial Circuit made an order denying said motion and remanding the petitioner to the custody of the Sheriff of Bradford county.

The petitioner was thereupon allowed a writ of error, and thereby brings the case here for review, and assigns as error the order denying his motion to quash the return of the sheriff and remanding him to custody.

*Long and Fielding,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, *Benj. P. Calhoun,* State Attorney Eighth Judicial Circuit, and *D. M. Gornto,* for the State.

TAYLOR, J., (*after stating the facts.*)    This cause being one of first impression in this court, and involving as it does the law governing the effect of a conditional pardon and its acceptance by the convict, and of a violation of its conditions, and the proper procedure upon a violation thereof, we have given it exhaustive consideration, and find the law on the subject so concisely and accurately stated at page 595 *et seq.* of Vol. 24 Am. & Eng. Ency. of Law (2nd ed.) that we cannot do better than to quote what is there said as being the law: "It is settled law that, where a criminal accepts a pardon, he accepts it subject to all its valid conditions and limitations, and will be held bound to a compliance therewith."

"Where a conditional pardon has been granted and accepted, and the convict has fulfilled the conditions thereof, the effect of the pardon becomes the same as though it were by its terms full and absolute."

"Before delivery and acceptance a pardon may be revoked by the officer or body granting it; but if the pardon is not void in its inception, it cannot be revoked for any cause *after its delivery and acceptance are complete,* for then it has passed beyond the control of the officer or body who granted it, and becomes a valid and operative act, of the benefits of which its recipient can be deprived only in some appropriate legal proceeding."

"Where a prisoner has accepted a conditional pardon and has been released from imprisonment by virtue there-

of, but has violated or failed to perform the condition, (conditions or any of them) the pardon, in case of a condition precedent, does not take effect, and in case of a condition subsequent, becomes void, and the criminal may thereupon be re-arrested and compelled to undergo the punishment imposed by his original sentence, or as much thereof as he had not suffered at the time of his release."

"Sometimes conditional pardons *expressly* provide that, upon violation of the condition, the offender shall be liable to summary arrest and recommitment for the unexpired portion of his original sentence. Such stipulations upon acceptance of the pardon become binding upon the convict and authorize his re-arrest and recommitment upon the terms imposed;" and we will add, authorize such arrest and recommitment in the *manner and by or through the official authority as stipulated in the pardon.*

"Where a convict has been released under a conditional pardon, his re-arrest and recommitment to his original sentence cannot be had upon the mere order of the Governor (or Board of Pardons) alone, unless such a course *is provided by statute,* or by the *express terms of the pardon.*

"The convict (in the absence of a statute or of express provisions in the pardon to the contrary,) is entitled to a hearing before some court of general criminal jurisdiction in order that he may show that he has performed the condition of the pardon, or that he has a legal excuse for not having done so, or that he is not the same person who was convicted; and on such a hearing the court may, *in its discretion,* take the verdict of a jury as to the facts involved. But the criminal is not entitled to a jury trial as a matter of right, except upon the question whether he is the same person who was convicted."

3 S. C.

Such proceeding and enquiry is preferably to be had before the court that originally tried and convicted the criminal, but may properly be had before any court of the State of general criminal jurisdiction.

"In the absence of a statute, and unless the act constituting the violation of a condition in a pardon is in itself a criminal offense, the violation of the condition is not a ground for a prosecution by indictment."

The proceeding to test the question whether or not there has been a violation of, or noncompliance with, the condition or conditions of a pardon is purely informal. The established practice at the common law and in the American States, in the absence of statutory regulation and in the absence from the pardon itself of express stipulations for that purpose, is for some court of general criminal jurisdiction upon having its attention called, by affidavit or otherwise, to the fact that a pardoned convict has violated, or failed to comply with, the condition or conditions of his pardon, to issue a rule, reciting the original judgment of conviction and sentence, the pardon and its conditions and the alleged violation of, or non-compliance with, the condition or conditions thereof, and requiring the sheriff to arrest the convict and bring him before the court to show cause, if any he can, why the original sentence imposed upon him should not be executed. A copy of such rule should be served upon the convict at the time of his arrest. When brought before the court upon such rule if the prisoner denies that he is the same person who was convicted, sentenced and pardoned, he is entitled to have a jury summarily empanelled to try such issue, but if his identity is not denied all the other facts and issues can be heard and tried by the Judge alone unless the Judge, solely within his discretion, shall see proper, for his own satisfaction, to submit the facts to a jury for

determination. If it be found upon such investigation that there' has not been a violation of, or non-compliance with, the condition or conditions of the pardon, or if the convict shall show to the satisfaction of the court some valid reason or excuse for such violation or non-compliance, he should be discharged from custody, but if the violation of, or non-compliance with, the condition or conditions of the pardon be shown to the satisfaction of the court, without any legal reason or excuse therefor, the convict should be remanded to custody and ordered to have the original sentence imposed upon him duly executed, or so much thereof as has not been already suffered by him.

In the absence from the statutes of Florida of any provision authorizing the State Board of Pardons to ascertain and determine whether or not there has been a violation of, or non-compliance with, the condition or conditions of a pardon, and to order the re-arrest of the convict and the execution upon him of the original sentence, and in the absence from the pardon itself of express stipulations so authorizing such board, it has no authority to enquire into or pass upon the question of a violation of the condition or conditions of such pardon or to order the re-arrest of the convict, or to subject him to the execution of the original sentence imposed, and the order of the Board of Pardons made in this case under the circumstances here, undertaking to adjudge a violation of the conditions of his pardon by the plaintiff in error and revoking such pardon, and ordering the recommitment of the plaintiff in error in execution of his original sentence is a nullity. The return of the sheriff to the writ of *habeas corpus,* however, sets up and exhibits the original sentence and the conditional pardon as well as the subsequent order of the Board of Pardons revoking same, and

alleges that he, the sheriff, detains the plaintiff in error in custody under and by virtue of *the judgment* and *all of such orders*. The conditional pardon granted to the plaintiff in error in express terms authorizes any sheriff of the State to re-arrest him upon his violating the conditions of the pardon. It became the duty then of the sheriff to arrest the plaintiff in error upon its being made known to him from any responsible source that he had violated or was violating the conditions of his pardon, and to detain him in custody until such alleged violation could be enquired into and determined in the proper manner by the proper authority, and to bring such alleged violation promptly to the attention of some court of general criminal jurisdiction to be disposed of. It having been brought to the attention of the sheriff in this case by the order of the Board of Pardons that the plaintiff in error had violated the conditions of his pardon, the sheriff acted within his authority in arresting and detaining him in custody notwithstanding the fact that the order of the Board of Pardons expressly ordering such arrest was, of itself, a nullity, because the terms and stipulations of the *pardon itself,* by which the plaintiff in error was completely bound, expressly authorized such arrest and detention.

The record before us does not show whether or not the judge below in the *habeas corpus* proceeding instituted any inquiry into the truth of the alleged violation by the plaintiff in error of the conditions of his pardon, such inquiry could have been done and should have been done, under the circumstances of the case in the *habeas corpus* proceeding , and inasmuch as the plaintiff in error has the right to have such inquiry made and determined by the proper authority the judgment of the court below must be reversed and remanded in order that such inquiry may be properly made and passed upon.

Inasmuch as it appears from the record in the case that the Judge of the Circuit Court for Bradford county in the Eighth Judicial Circuit is disqualified to hear or determine the questions involved, by reason of which disqualification the *habeas corpus* proceedings from which this writ of error was taken, were heard and disposed of by the Judge of the Fourth Judicial Circuit in and for Duval county, it is ordered that the judgment of the court below in this cause be and the same is hereby reversed, and the cause is hereby remanded to the Judge of the Circuit Court of the Fourth Judicial Circuit with directions that in such *habeas corpus* proceeding he shall make inquiry into the truth of the alleged violation by the plaintiff in error of the conditions of his pardon in the manner herein pointed out, and if such alleged violation of the conditions of such pardon shall be therein established to his satisfaction, that then the plaintiff in error be remanded to custody and that the original sentence imposed upon him shall be fully executed, but if the alleged violations of the conditions of such pardon shall not be established, or if there be shown any satisfactory legal excuse for such violation he shall be discharged from further custody; and it is further ordered that the plaintiff in error shall be detained in custody or under the conditions of his supersedeas and appearance bond until such inquiry can be made and determined, and that the State Attorney for the Eighth Judicial Circuit shall be notified by the Judge of the Fourth Judicial Circuit of the time and place when and where he will hear and determine the matter, and that he be given an opportunity to produce witnesses to establish, if he can, the truth of the alleged violation of the conditions of the pardon, and that the plaintiff in error

be accorded the like privilege of producing witnesses to refute such alleged violation if he can. The cost of this writ of error proceeding to be taxed against the county of Bradford. See the authorities both English and American collated in the notes to Vol. 24 Am. & Eng. Ency. Law (2nd ed.) on pp. 595, *et seq.*

HOCKER and PARKHIL, JJ. concur.

SHACKLEFORD, C. J. and COCKRELL and WHITFIELD, JJ. concur in the opinion.