The State of Florida v. Horne—Syllabus.

THE STATE OF FLORIDA, PLAINTIFF IN ERROR, v. S. PETER HORNE, DEFENDENT IN ERROR.

1. Where a prisoner has accepted a conditional pardon and has been released from imprisonment by virtue thereof, but has violated or failed to perform the condition, conditions or any of them, the pardon in case of a condition precedent does not take effect, and in case of a condition subsequent becomes void and the criminal may thereupon be re-arrested and compelled to undergo the punishment imposed by his original sentence or so much thereof as he had not suffered at the time of his release.

2. A conditional pardon may by its express terms provide that upon violation of the conditions the offender shall be liable to summary arrest and re-commitment for the unexpired portion of his original sentence. Such stipulations upon aceptance of the pardon become binding upon the convict and authorize his re-arrest and re-commitment in the manner and by or through the officials authorized as stipulated in the pardon.

3. Under a statute which provides that "in all cases the court shall award the sentence and shall fix the punishment or penalty prescribed by law," the power of the court extends to fixing the punishment, that is, the length of time within the given maximum a prisoner should be imprisoned. The law does not contemplate that the court in fixing the punishment shall also fix the beginning and end of the period during which the imprisonment shall be suffered. The time fixed for executing a sentence or for the commencement of its execution is not one of its esential elements, and strictly speaking is not a part of the sentence at all. The essential part of the sentence is the punishment, including the *kind* of punishment and the amount thereof without reference to the time when it shall be inflicted. · The sentence with reference to the kind of

punishment and the amount thereof should as a rule be strictly executed. But an order of the court with refernce to the time when the sentence shall be executed is not so material. Expiration of time without imprisonment is in no sense an execution of the sentence.

4. Where reference is made in a conditional pardon to the sentence to be affected by the pardon, the sentence is to be taken in its legal and proper aspect, without reference to the words.

5. Where a conditional pardon contains a provision that upon the breach of the condition on which the pardon is granted "it shall be the duty of the sheriff of any county of this State to immediately arrest him and return him to the penitentiary to serve out the remainder of his term," the reference is to the material terms of the sentence, *viz*: to the *length of imprisonment* fixed by the sentence and not to the particular period of time mentioned in the sentence during which it was to be executed, since the latter is not a material or effective part of the sentence.

6. Under a constitutional provision that the pardoning power "may upon such conditions and with such limitations and restrictions as they may deem proper * * * grant pardon after conviction, in all cases except treason and impeachment, subject to such regulations as may be prescribed by law relative to the manner of applying for pardons," the pardoning power may, in granting a pardon after conviction, impose any condition, limitation or restriction that is not illegal, immoral or imposible of performance, and the acceptance of the pardon binds the person accepting it to all such conditions, limitations and restrictions contained therein that are legal, moral and posssible of performance.

7. The condition of a pardon that requires re-imprisonment for the original sentence of imprisonment after the expi-

ration of the particular period of time fixed by the court within which the sentence imposed should be executed is not immoral or impossible of performance during the life of the convict, nor is it illegal, since the particular period of time within which the sentence is to be suffered by the convict as specified in the sentence is not a part of the legal sentence except so far as it fixes the *quantum* of time that he must suffer such penalty, and the condition imposed is not forbidden by law and does not increase the punishment imposed by the court in the sentence.

8. If the condition of a pardon upon which the convict secures his release from imprisonment is violated the pardon becomes void and the convict may be arrested to undergo so much of the original sentence as he had not suffered at the time of his release. When the conditions of a pardon are violated ,the pardon is thereby rendered in law void, and if the sentence of imprisonment has been fully executed the law imposes the obligation to complete the sentence of imprisonment fixed in the judgment of conviction and sentence of punishment. The pardon may as one of its restrictions and limitations, designate a time for the observance of its conditions, but when the conditions are violated, the pardon becomes void in law, and the party is subject to the unsatisfied portion of his sentence as though no pardon had been granted.

9. When a convict has been released upon a conditional pardon his re-arrest and re-commitment can not be had upon the mere order of the Governor alone unless such a course is provided by statute or by the express terms of the pardon. Unless a statute or the express terms of the pardon provide otherwise, the convict is entitled to a hearing before a court of general criminal jurisdiction in order that he may show, if he can, that he has performed the conditions of the pardon, or that he has a legal excuse for not having done so, or that he was not the same person who was convicted, and

on such a hearing the court may in its discretion take the verdict of a jury as to the facts involved. But the convict is not entitled to a jury trial as a matter of right except upon the question as to whether he is the same person who was convicted.

This case was decided by the court en banc.

Writ of error to the Circuit Court for Gadsden County.

STATEMENT.

On July 25, 1906, the defendant in error, by counsel, presented to the Chief Justice of this court a petition for a writ of *habeas corpus* sworn to by the petitioner in which it is stated that "the petitioner is unlawfully, as he apprehends, restrained of his liberty by" the sheriff of Leon County, Florida, who "holds petitioner in custody by virtue of a revocation of pardon or commitment  *  *  * "and does not hold him by virtue of any other writ or process;" that on April 15, 1898, in the Circuit Court for Gadsden County, petitioner was convicted of the offense of assault with intent to murder, and on April 22, 1898 was sentenced to five years' imprisonment from the date of the sentence; that on January 5, 1901, he was granted a conditional pardon by the Pardoning Board of Florida, and was thereby restored to his liberty, and he returned to Leon County; that on July 18, 1906, "long after the terms of years of his original sentence had expired, and without giving him an opportunity to be heard by himself or counsel," the Governor of the State of Florida, without authority of law, revoked the pardon granted to petitioner and ordered that he be re-committed to the State Prison; that by reason thereof the Sheriff of Leon County is de-

taining the petitioner in the County Jail at Tallahassee, Florida, for the purpose of surrendering him to the State Prison authorities. The verdict and sentence of conviction, the conditional pardon, the executive order for reimprisonment and the return of the sheriff thereon are as follows:

"State of Florida,

|            |                                   |
|------------|-----------------------------------|
| vs.        | Assault with intent to murder."   |
| Peter Horne. |                                 |

"State of Florida, Gadsden County, April 15, 1898. We, the jury, find the defendant guilty, so say we all.

"E. F. SHEPARD,
"Foreman."

"It is considered by the court that you, Peter Horne, for your said offense of assault with intent to murder of which you now stand convicted, be imprisoned by confinement in the State Prison at hard labor for the period of five years, to begin and run from this day, and that you to pay the costs of this prosecution." April 22, 1898.

State of Florida:

Whereas, at a meeting this day held at the Capital, in the City of Tallahassee, at which were present His Excellency, William D. Bloxham, Governor of said State; John L. Crawford, Secretary of State; William H. Reynolds, Comptroller; —————, Commissioner of Agriculture, and William B. Lamar, Attorney-General of said State, who, under the constitution of said State, have full power to remit fines and forfeitures, commute punishments and grant pardons after convictions, it was determined that Peter Horne, who was convicted at the Spring

9—S. C.

Term, A. D., 1898, of the Circuit Court of Gadsden County, Florida, of an assault with attempt to murder, and was sentenced therefor to imprisonment at hard labor in the penitentiary for the term of five years should now, upon petitions signed by numerous citizens of Gadsden and Wakulla Counties, members of the Legislature and other prominent citizens, be granted a pardon, conditioned upon his abstaining hereafter from all intoxicating liquors and other beverages, and shall lead a peaceable, law-abiding life, failing in which it shall be the duty of any sheriff of this State to at once arrest him and return him to complete his term.

Therefore, be it known, that the said Peter Horne, is hereby granted a conditional pardon, it being a condition of this pardon that if the said Horne shall break the peace, take a drink of intoxicating liquor or other beverage, or become intoxicated, then this conditional pardon shall be null and void, and it shall be the duty of the sheriff of any county of this State to immediately arrest him and return him to the penitentiary to serve out the remainder of his term.

In testimony whereof, we have, at the Capital, in Tallahassee, hereunto set our hands this fifth day January, A. D., 1901. William D. Bloxham, Governor; John L. Crawford, Secretary of State, William B. Lamar, Attorney General; William Reynolds, Comptroller; —————, Commissioner of Agriculture.

STATE OF FLORIDA,
EXECUTIVE DEPARTMENT,
Tallahassee, Florida, July 18, 1906.
Whereas, it appears that on the 5th day of January,

A. D., 1901, the State Board of Pardons granted to one Peter Horne, who was convicted at the Spring Term, A. D., 1898, of the Circuit Court, in and for Gadsden County, Florida, of the crime of assault with intent to murder, and was sentenced therefor to imprisonment of hard labor in the penitentiary for the term of five years, a conditional pardon upon the conditions that he, the said Peter Horne, shall abstain thereafter from the use of all intoxicating liquors and other beverages and should lead a peaceable, law-abiding life, failing in which it should become the duty of any sheriff of this State to at once arrest him and return him to the penitentiary to complete his term of imprisonment; and,

Whereas, It now appears that said Peter Horne has not kept and observed the conditions and obligations of the said conditional pardon granted him, but complaint has been made that he has not abstained from the use of all intoxicating liquors and other beverages, but has become and is in a state of complete intoxication, and that he is now under arrest, and in the City Jail of Tallahassee, Florida, under a charge of drunkenness and disorderly conduct, as shown by the affidavit of William Langston, Chief of Police of the City of Tallahassee, now on file in the Executive Office.

Now, therefore, it is ordered, That the said Peter Horne be immediately arrested by the sheriff or constable of any county of the State of Florida, and immediately delivered to the State Prison authorities, to complete the remainder of the original sentence imposed on him by said court.

In testimony whereof, I have hereunto set my hand at Tallahassee, the Capital, this 18th day of

July, A. D., 1906, and caused the same to be attest-
ed by the great seal of the State.

(Signed). N. B. BROWARD,

Governor.

By the Governor, Attest:

(Signed). JOHN L. CRAWFORD,

Secretary of State.

State of Florida, Leon County.

The revocation of the pardon of S. Peter Horne, with
direction to recommit him to the State Prison of Florida
came to hand July 18, 1906, and on the same day the said
S. Peter Horne was taken in custody by me and commit-
ted to the County Jail of Leon County, Florida, where he
now is, to await transportation to the State Prison of he
State of Florida. This July 22d. 1906.

C. HOPKINS, Sheriff.

By J. B. HOPKINS, Deputy Sheriff.

Under authority of Section 5, Article V, of the Consti-
tution the Chief Justice issued a writ of *habeas corpus*
upon the petition returnable before the Judge of the Sec-
ond Judicial Circuit, in which both Leon and Gadsden
Counties are situated. The return of the sheriff was that
he held the petitioner "by virtue of a revocation of par-
don, or commitment, issued by the Governor of Florida
. . . to re-commit (him) to the State Prison in accord-
ance with such order." Upon motion to quash the return
and discharge the petitioner, the court made an order that
the authority under which the petitioner is held is "insuf-
ficient in law, in that it appears that the term of senence
of the said S. Peter Horne had expired prior to the al-
leged breaches of the conditions of his pardon; therefore,

it is considered by the court that the said S. Peter Horne be discharged from custody and go hence without day."

Under the provisions of Chapter 4920, Acts of 1901, the judge hearing the cause granted to the State of Florida a writ of error herein returnable today in the present term of this court. The order of the Circuit Court is assigned as error.

*W. H. Ellis,* Attorney General, for Plaintiff in Error.

*T. L. Clark* and *W. C. Hodges,* for Defendant in Error.

PER CURIAM (*after stating the facts*) : Where a prisoner has accepted a conditional pardon and has been released from imprisonment by virtue thereof, but has violated or failed to perform the condition, conditions, or any of them, the pardon in case of a condition precedent, does not take effect, and in case of a condition subsequent, becomes void, and the criminal may thereupon be re-arrested and compelled to undergo the punishment imposed by his original sentence, or so much thereof as he had not suffered at the time of his release.

Sometimes conditional pardons expressly provide that, upon violation of the condition, the offender shall be liable to summary arrest and re-commitment for the unexpired portion of his original sentence. Such stipulations upon acceptance of the pardon become binding upon the convict and authorize his re-arrest and re-commitment in the *manner and by or through the official authority as stipulated in the pardon.* Alvarez v. State, 50 Fla. 24, 39 South. Rep. 481; 24 Am. & Eng. Ency. Law (2d ed). 595; 6 Current Law, 876.

The questions presented by counsel are whether the

conditional pardon provides for the arrest and re-imprisonment of the petitioner after the expiration of the period of time mentioned in the sentence of imprisonment; and if it does so provide, whether such a provision is legal and enforceable.

Section 2406 of the Revised Statutes of 1892 provides that "whoever commits an assault on another with intent to commit any felony punishable with death or imprison ment for life, shall be punished by imprisonment in the State Prison not exceeding twenty years." The commission of murder in the first degree is punishable by death, or by imprisonment for life upon a recommendation of a majority of the trial jury in their verdict; the commission of murder in the second degree is punishable by imprisonment for life; and the commission of murder in the third degree is punishable by imprisonment not exceeding twenty years. Section 2380 and 2924 Rev. Stats. of 1892.

Section 2923 of the Revised Statutes provides that "in all cases the court shall award the sentence and shall fix the punishment or penalty prescribed by law." Section 2939 Revised Statutes provides that "when punishment by imprisonment in the State Prison is awarded against any convict, the form of the sentence shall be that he be imprisoned by confinement at hard labor." The judgment and sentence of the court pronounced against the petitioner on April 22, 1898, was as follows: "It is considered by the court that you, Peter Horne, for your said offense of assault with intent to murder, of which you now stand convicted be imprisoned in the State Prison at hard labor for the period of five years to begin and run from this day."

Under the statute above quoted, that in all cases the

court shall award the sentence and shall fix the punishment or penalty prescribed by law, the effective part of the sentence awarded and punishment fixed in the sentence set out above is that the petitioner "be imprisoned in the State Prison at hard labor. for the period of five years." The period or cycle of time during which he would be required to be imprisoned for the length of time fixed by the court is to be determined by law. The power of the court extends to fixing the punishment, that is the length of time within the given maximum the peitioner shall be imprisoned. The law does not contemplate that the court in fixing the punishment shall also fix the beginning and ending of the period during which the imprisonment shall be suffered. The time fixed for executing a sentence, or for the commencement of its execution, is not one of its essential elements, and strictly speaking, is not a part of the sentence at all. The essential portion of the sentence is the *punishment,* including the *kind* of punishment and the *amount* thereof, without reference to the time when it shall be inflicted. The sentence, with reference to the kind of punishment and the amount thereof, should as a rule be strictly executed. But the order of the court with reference to the time when the sentence shall be executed is not so material. Expiration of time without imprisonment is in no sense an execution of the sentence. Hollon v. Hopkins, 21 Kan. 638; Dolan's Case, 101 Mass. 219; State v. Cockerham, 2 Ired. (N. C.) 204; Ex-parte Bell, 56 Miss. 282; In re Edwards, 43 N. J. L. 555. While as a general rule the imprisonment begins with the sentence, and the sentence is subject to existing valid laws, the imprisonment may be suspended by appellate or other judicial proceedings or by reprieve or otherwise; and the period during which the imprisonment

may be suffered may be interrupted by escape or be changed by the pardoning power so long as the change does not increase the penalty imposed by the sentence or is not otherwise illegal. See Fite v. State ex rel. Snider, 114 Tenn. 646, 88 S. W. Rep. 941.

The condition contained in the pardon refers to the sentence to be affected by it in its legal and proper aspect without reference to its words.

The terms of the pardon provide "that if the said Horne shall break the peace, take a drink of intoxicating liquor or other beverage, or become intoxicated, then this conditional pardon shall be null and void, and it shall be the duty of the sheriff of any county of this State to immediately arrest him and return him to the penitentiary to serve out the remainder of his term." This provision should be considered with the previous portion of the pardon in which the word *hereafter* is used in expressing the conditions on which the pardon was asked; and so considered the observance of the condition is not limited to the term of the sentence as in Arthur v. Craig, 48 Iowa 264, S. C. 30 Am. Rep. 395. The provision authorizing any sheriff of the State to "arrest him and return him to the penitentiary to serve out the remainder of his term," has reference to the material terms of the sentence of the court, *viz*: To the *length of imprisonment* fixed by the sentence, and not to the particular period of time mentioned in the sentence during which the sentence was to be executed, which latter we have seen is immaterial and not really an effective part of the sentence.

With these principles in view the pardon granted by the pardoning power and accepted by the petitioner under which he secured his release clearly contemplates that the breach of the conditions thereof at any time would render

the pardon void and subject the petitioner to re-imprisonment during the remainder of the time he had not been actually imprisoned under the sentence without reference to the expiration of the particular period of time mentioned in the sentence. This being ascertained to be the purport and effect of the terms of the conditional pardon it must now be determined if the condition is binding upon the petitioner after the expiration of five years from the date of his sentence to five years' imprisonment.

Section 12 of Article 4 of the Constitution as amended in 1895, reads as follows: "The Governor, Secretary of State, Comptroller, Attorney General, and Commissioner of Agriculture, or a major part of them, of whom the Governor shall be one, may, upon such conditions and with such limitations and restrictions as they may deem proper, remit fines and forfeitures, commute punishment and grant pardon after conviction, in all cases except treason and impeachment, subject to such regulations as may be prescribed by law relative to the manner of applying for pardons." All the authorities agree that under a constitutional provision like this the pardoning power may, in granting a pardon after conviction impose any condition, limitation or restriction that is not illegal, immoral or impossible of performance, and that the acceptance of the pardon binds the person accepting it to all such conditions, limitations and restrictions contained therein that are legal, moral and possible of performance. Ex parte Hawkins, 61 Ark. 321, 33 S. W. Rep. 106; State v. Smith, 1 Bailey's Law (S. C.) 283, S. C. 19 Am. Dec. 679; Arthur v. Craig, 48 Iowa 264; People v. Potter, 1 Parker's Cr. Rep. (N. Y.) 47; I Edmonds' Select Cases 235; Fravell's Case, 8 Watts and Sergeant's 197; Lee v. Murphy, 22

Gratt. (Va.) 789; In re Conditional Discharge of Convicts, 73 Vt. 414, 51 Atl. Rep. 10.

The condition of the pardon in this case that requires re-imprisonment for the remainder of the original sentence of imprisonment, after the expiration- of the particular period of time fixed by the court within which the sentence imposed should be executed, cannot be said to be immoral or to be impossible of performance during the life of the petitioner, nor can it be illegal since the particular period of time within which the sentence is to be suffered by the convict as specified in the sentence is not a part of the legal sentence, except so far as it fixes the *quantum* of time that he must suffer such penalty, and the condition imposed is not forbidden by law, and does not increase the punishment imposed by the court in its sentence. The case of State *ex rel.* Davis v. Hunter, 124 Iowa, 569, 100 N. W. Rep. 510, does not conflict with this rule, as in that case a condition imposed was held to be illegal. 4 Current Law, 872.

If the particular period of time fixed by the court within which the execution of the sentence of imprisonment was to be fully performed or suffered, is extended, or held in abeyance, or postponed, the time or duration of imprisonment is not thereby increased; and the interruption of the execution of the sentence during the time the petitioner enjoyed his liberty under the conditional pardon was secured by him by his acceptance of the conditional pardon and the petitioner cannot complain of it.

If the condition of the pardon upon which the petitioner secured his release from imprisonment has been violated by him the pardon is void and the petitioner may be arrested and compelled to undergo so much of the original sentence as he had not suffered at the time of his release.

Alvarez v. State, 50 Fla. 24, 39 South. Rep. 481; State v. Barnes, 32 S. C. 14, 10 S. E. Rep. 611; 12 Cyc. 968; People v. Potter, 1 Parker's Cr. Rep. (N. Y.) 47; In re Conditional Discharge of Convicts, 73 Vt. 414, 51 Atl. Rep. 10; Arthur v. Craig, *supra;* Fuller v. State, 122 Ala. 32, 26 South. Rep. 146, S. C. 45 L. R. A. 502; State v. Chancellor, 1 Strobhart's Law (S.C.) 347, S. C. 47 Am. Dec. 557; Ex parte Marks, 64 Cal. 29, 28 Pac. Rep. 109.

There is undoubted wisdom in the policy of conferring upon responsible constitutional officers the power to grant conditional pardons by which persons convicted of crime may be encouraged and prompted to again become useful citizens. Should the opportunity thereby afforded a convict to reform be not appreciated and the restraining and salutary conditions of the pardon be violated at any time during the convict's life, or during the time fixed by the pardon for their observance, the pardon becomes void and there is both punishment for the lapse of conduct and protection to society in the exercise of the power given by law to enforce the unsatisfied portion of the original sentence.

The defendant in error accepted the conditional pardon, thereby securing his release from imprisonment, and he is bound by its legal conditions and limitations. The provisions of the pardon are in effect that if at any time during his life the defendant in error shall fail to observe its conditions, the pardon shall be null and void and he shall be arrested to serve out the remainder of his sentence of imprisonment that he has not already actually suffered. The violation at any time of the conditions of the pardon renders it by its terms null and void and the status of the defendant in error is as though he had never received the conditional pardon. If, when the conditions

of the pardon are violated, a portion of the *quantum* of imprisonment fixed by the sentence has not been suffered or served, the party should be returned to serve the remainedr of his time of imprisonment, as stipulated in the terms of the pardon; and, besides this, the pardon, by the breach of its conditions, is rendered in law void, and if the sentence of imprisonment has not been fully executed the law imposes the obligation to complete the service of imprisonment fixed in the judgment of conviction and sentence of punishment. The pardon may, as one of its restrictions and limitations, designate the time for the observance of its conditions, but when the conditions are violated the pardon becomes void in law and the party is subject to the unsatisfied portion of the sentence as though no pardon had been granted.

When a convict has been released upon a conditional pardon, his re-arrest and re-commitment to his original sentence cannot be had upon the mere order of the Governor alone, unless such a course *is provided by statute,* or by *the express terms of the pardon.* The petitioner (in the absence of statute or of express provisions in the pardon to the contrary) is entitled to a hearing before the court having jurisdiction of the writ under which he is held in order that he may show that he as performed the condition of the pardon, or that he has a legal excuse for not having done so, or that he is not the same person who was convicted, and on such a hearing the court may, *in its discretion,* take the verdict of a jury as to the facts involved. But the petitioner is not entitled to a jury trial as a matter of right, except upon the question whe'her he is the same person who was convicted. If it be found upon such investigation that there has not been a violation of, or non-compliance with, the condition or conditions of

the pardon, or if the petitioner shall show to the satisfaction of the court some valid reason or excuse for such violation, or non-compliance, he should be discharged from custody; but if the violation of, or non-compliance with, the condition or conditions of the pardon be shown to the satisfaction of the court, without any legal reason or excuse therefor, the petitioner should be remanded to custody and ordered to have the original sentence imposed upon him duly executed, or so much thereof as has not been already suffered. The conditional pardon granted to the defendant in error in express terms authorizes any sheriff of the State to arrest him upon his violating the conditions of the pardon. It became the duty then of the sheriff to arrest the defendant in error upon it being made known to him from any responsible source that he had violated, or was violating, the conditions of his pardon, and to detain him in custody until such alleged violation could be inquired into and determined in the proper manner by the proper authority, and to bring such alleged violation promptly to the attention of some court of general criminal jurisdiction to be disposed of. It having been brought to the attention of the sheriff in this case by the executive order that the defendant in error had violatetd the conditions of his pardon, the sheriff acted within his authority in arresting and detaining him in custody, notwithstanding the fact that the executive order expressly ordering the arrest was of itself a nullity, because such order was not authorized by the pardon or by the statute. The terms and stipulations of the *pardon* itself, by which the defendant in error was completely bound, expressly authorizes such arrest and detention, though they did not authorize the executive order. Alvarez v. State, 50 Fla. 24, 39 South. Rep. 481.

It appearing that the arrest of tthe defendant in error was warranted under the conditions of the pardon by which he secured his release from imprisonment, and that the order of the court discharging him from custody is erroneous, it is ordered that the judgment of the court below in this cause be and the same is hereby reversed at the cost of the defendant in error, and the cause is remanded with directions that *in the habeas corpus* proceedings the court to make inquiry into the truth of the alleged violation by the defendant in error of the conditions of his pardon in the manner herein pointed out, and if such alleged violation of the conditions of such pardon shall be therein established to his satisfaction, that then the defendant in error be remanded to custody, and that the remainder of the original sentence imposed upon him, but not suffered, shall be fully executed; but if the alleged violations of the conditions of such pardon shall not be established, or if there be shown any satisfactory legal excuse for such violation he shall be discharged from further custody; and it is further ordered that the State Attorney for the Second Judicial Circuit shall be notified by the Judge of said Circuit of the time and place when and where he will hear and determine the matter, and that he be given an opportunity to produce witnesses to establish, if he can, the truth of the alleged violation of the conditions of the pardon, and that the defendant in error be accorded the like privilege of producing witnesses to refute such alleged violation, if he can. Alvarez v. State, 50 Fla. 24, 39 South. Rep. 481.

An order will be entered accordingly.

SHACKLEFORD, C. J., TAYLOR, COCKRELL, HOCKER, WHITFIELD and PARKHILL, JJ., concur.