Ex parte Oquendo, Petitioner and Appellant.

Appeal from the First District Court of San Juan in Habeas Corpus Proceedings.

No. 2111.—Decided January 18, 1924.

Habeas Corpus—Pardon—Conditional Pardon.—The prisoner herein having accepted a pardon from the Governor under the condition that he would be taken into custody again if after a proper investigation it should appear that he had failed to observe good conduct and to obey the laws strictly; and it being set out in the Governor's order by virtue of which he was rearrested that after a proper investigation it satisfactorily appeared that he had violated

the condition imposed upon him, the prisoner has no right to a judicial in-
vestigation as to whether or not he actually violated the said condition, nor
was it necessary to prove in the habeas corpus proceeding that the Governor
made an investigation, or what was the result of it.

The facts are stated in the opinion.

*Mr. J. E. Benedicto* for the appellant.

*Messrs. José E. Figueras, Fiscal,* and *C. Llauger* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

Justino Oquendo, known as Agripino, who was serving a term of imprisonment, was pardoned by the Governor on the condition that he should observe good conduct and comply strictly with the laws, for if it should appear after a proper investigation that he had failed to comply with that condition, the pardon would be revoked and he would be imprisoned again to serve the rest of his term.

A few days thereafter the Governor revoked that pardon and Oquendo was again placed in jail, but was set at liberty in a habeas corpus proceeding because it was not said in the Governor's order that Oquendo had violated the condition of the pardon. On the same day he was rearrested by another order of the Governor and thereupon he filed in the First District Court of San Juan a petition for a writ of habeas corpus for his release, alleging that he was unlawfully imprisoned, having complied with the condition of the pardon, and because his new arrest was ordered simply because the Governor thought that the petitioner should be sent to jail again.

The petition was heard and denied by the district court, whereupon Oquendo took the present appeal.

From the evidence included in the record it appears that the second order of the Governor revoking the pardon and ordering the arrest of Oquendo, the basis of the habeas corpus proceeding now on appeal, was based on the fact that after a proper investigation it was shown to the satis-

faction of the Governor that Oquendo had violated the condition of the pardon granted.

Although it is true that a conditional pardon accepted by a prisoner is irrevocable while he complies with its conditions (*Alvarez* v. *State,* 50 Fla. 24; 111 Am. St. Rep. 102; 39 So. 481; 7 Am. & Eng. Ann. Cas. 88), it is also true that when a conditional pardon prescribes expressly that the authority who grants it may revoke it for failure to comply with the condition, without a hearing or consideration of the facts, the delinquent has no right to a hearing if the pardoning authority revoked the pardon for non-compliance with the condition; and these conclusions are based on the fact or theory that in accepting the pardon the convict agreed that it could be revoked without the necessity of a hearing. Note to *Ex Parte Patterson,* L. R. A. 1915 F, p. 545.

The appellant having accepted the pardon subject to his being again taken into custody if after a proper investigation it should appear that he had failed to comply with the condition of observing good conduct and complying strictly with the laws, without right to a hearing, and it being set out in the Governor's order that after a proper investigation it satisfactorily appeared that he had violated the condition imposed upon him, he has no right to a judicial investigation as to whether or not he actually violated the said condition, nor was it necessary to prove in the habeas corpus proceeding that the Governor made an investigation, or what was the result of it.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.