S. E. STONE, Sheriff, v. R. J. BURCH.

154 So. 128.
Opinion Filed April 3, 1934.

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Plaintiff in Error;

*Jones & Green,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review a judgment in habeas corpus proceedings wherein the defendant in error here was petitioner and was discharged from custody. Burch was convicted in the Criminal Court of Record for Dade County in December, 1927, of the crime of breaking and entering a building with intent to commit a felony and was sentenced to serve ten years in the State Prison.

On the 4th day of October, 1929, on application duly presented to the State Board of Pardons the sentence was commuted in the following language:

"It is thereupon considered, ordered and decreed by said Board that the following commutations of sentences be granted and allowed upon condition that the several persons to whom the same are severally awarded shall hereafter live a law-abiding and peaceful life, and shall during the remainder of the terms of imprisonment to be served, shall conduct themselves strictly in conformity to all rules and regulations of their prisons and faithfully keep and observe all the lawful orders of the keepers having them in charge, in default or violation of which, the Board reserves the right to itself, without notice or hearing, to revoke the commutations hereby granted and to cause the said convicted persons to serve the full terms of imprisonment for which they severally stand committed, all of which shall be deemed accepted and agreed to by the several convicted persons upon their release hereunder, to-wit: * * *.

"No. 19068. R. J. Burch, sentenced by the Criminal

Court of Record of Dade County at the December term thereof, A. D. 1927, to ten years' imprisonment for Breaking and Entering, is hereby conditionally commuted to December 22nd, A. D. 1929."

On the 8th day of October, 1930, the State Board of Pardons entered an Order revoking the commutation of sentence in the following language:

"*Whereas,* on the 22nd day of December, A. D. 1929, a commutation of sentence was granted to one R. J. Burch, who was convicted in the Criminal Court of Record in and for Dade County, Florida, at the December term thereof, A. D. 1927, of the offense of Breaking and Entering and sentenced therefor to serve ten years in the State Penitentiary; and

"*Whereas,* it was provided in said commutation of sentence and the same was granted to and accepted by R. J. Burch upon the express understanding and condition that the said commutation of sentence was to be effective during good behavior or until otherwise ordered by the Board; and

"*Whereas,* the Board has been notified by Hon. J. S. Blitch, Superintendent of the Florida State Farm, Raiford, Florida, that the said R. J. Burch is in the custody of the Sheriff of Hillsborough County under the name of J. O. Johnson, and that he was arrested in St. Petersburg as a suspect and identified as one of three men who held up a merchant in Port Tampa; and

"*Whereas,* the State Board of Pardons is satisfied from the above representation of Honorable J. S. Blitch that the Commutation of sentence heretofore granted to the said R. J. Burch should be withdrawn, and does hereby order that the said R. J. Burch be made to serve such portion of his original sentence as had not been served by him at the time his commutation of sentence was granted.

"In Testimony Whereof we have, at the Capitol in Tallahassee, Florida, hereunto set our hands, this the 8th day of November, A. D. 1930."

Thereafter Burch was arrested by the Sheriff of Volusia County and while under arrest instituted proceedings in habeas corpus.

The return of the Sheriff showed that he held Burch in custody upon the order of Nathan Mayo, Commissioner of Agriculture, which order was issued pursuant to the revocation of the commutation above mentioned, and for the purpose of delivering Burch to the State Prison to continue the services of his original sentence.

It is not necessary for us to determine in this case whether or not a commutation of sentence may be revoked after the commutation has gone into effect. There is a material difference between a commutation of sentence and a conditional pardon. A commutation is the change of punishment to which a person has been condemned to a less severe one, or the substitution of a less for a greater penalty or punishment. Words & Phrases (3rd Ed.) Vol. 2, page 229; Peoples v. Jenkins, 159 N. E. 290.

Commutations are distinguished from pardons in Words & Phrases (3rd Ed.) Vol. 5, page 809, as follows:

"'Pardon' exempts from punishment, bears no relation to term of punishment, and must be accepted or it is nugatory; while 'commutation' merely substitutes lighter for heavier punishment, removes no stain, restores no civil privileges, and may be effected without the consent and against the will of the prisoner. *In Re* Charles, 222 P. 608, 115 Kan. 323. Order of President, unconditionally 'commuting' prisoner's sentence to term already served held a 'commutation' as distinguished from 'pardon,' where pris-

oner had served portion of his term. Chapman v. Scott (D. C. Conn.) 10 F. (2d) 156, 160."

Assuming that a commutation may be conditioned in the same manner that a pardon may be conditioned, it follows that a conditional commutation or a conditional pardon when accepted by a convict becomes binding upon the State as well as upon the convict and so long as the convict does not violate the conditions of the pardon or the conditions of the commutation he may not be required to further perform the judgment and sentence imposed upon him for the offense of and as to which he has been conditionally pardoned or commuted.

It is also settled in this jurisdiction that where a conditional pardon is granted by the State Board of Pardons to a convict and is accepted by him, the conditional pardon may be revoked either by the Board of Pardons or by a court of competent jurisdiction adjudicating a breach of the conditions expressed in such conditional pardon. In the instant case the material condition of the commutation was that the petitioner "shall hereafter live a law-abiding and peaceful life." In the habeas corpus proceeding the petitioner alleged and maintained that he had not been guilty of violating the condition of his commutation and that he had continued from the time thereof up until the date of his arrest by the Sheriff of Volusia County to comply with the condition and had at all times lived a law-abiding and peaceful life. The revocation of the conditional commutation as it appears in the transcript of the record here does not allege that the petitioner has not led a law-abiding and peaceful life. The revocation alleges as follows:

"*Whereas*, it was provided in said commutation of sentence and the same was granted and accepted by R. J. Burch upon the express understanding and condition that

the said commutation of sentence should be effective during good behavior or until otherwise ordered by the Board."

An inspection of the order of commutation shows no such condition. Copy of order of commutation and copy of order of revocation of the same were attached to and by appropriate language made parts of the petition for the writ and that they are true and correct copies is not denied on the record. They appear to have been certified and sworn to as being correct copies by the Secretary of the Board of Pardons.

It appears from the record that there was no finding of fact by the Board of Pardons that the conditions which appear in the order of commutation had been violated by the petitioner to whom the conditional commutation was granted. The record fails to show any lawful ground for the attempted revocation, but on the other hand, the record shows that the Board of Pardons revoked the conditional commutation for a cause other than that set forth as the condition upon which the commutation was granted.

In *Ex Parte* Alvarez, 50 Fla. 24, 39 Sou. 481, this Court held:

"Where a prisoner has accepted a conditional pardon and has been released from imprisonment by virtue thereof, but has violated or failed to perform the condition (conditions or any of them) the pardon, in case of a condition precedent, does not take effect, and in case of a condition subsequent, becomes void, and the criminal may thereupon be rearrested and compelled to undergo the punishment imposed by his original sentence, or as much thereof as he had not suffered at the time of his release."

The order of revocation shows upon its face that it was not made by the Board of Pardons because of the fact that the person receiving the commutation had violated any

condition expressed in the commutation, but it was entered because some person not named or identified was alleged to have identified the commuted convict as one of the persons engaged in the commission of a crime in Hillsborough County. The record otherwise shows, by exhibits attached to and made a part of the petition, and which are undisputed, that the petitioner was informed against in the Criminal Court of Hillsborough County for the offense referred to in the order revoking the commutation; that he was tried on the information in a court of competent jurisdiction and was acquitted of that charge.

We, therefore, find no error in the judgment and it should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, ELLIS and TERRELL, J. J., concur.

DAVIS, C. J., disqualified.