James Wallace v. L. F. Chapman, as Superintendent, State Prison.

177 So. 228.
Division A.
Opinion Filed November 15, 1937.

Joe Hill Williams, for Petitioner;

Cary D. Landis, Attorney General, and Roy Campbell and James B. Watson, Assistant Attorneys General, for Respondent.

Buford, J.—The law applicable to this case was stated by us in the case of Stone v. Burch, 114 Fla. 460, 154 Sou. 128.

The conditional commutation of the petitioner, Wallace, was in the same language as that which was used in the order conditionally commuting the sentence of Burch. The condition in both cases was:

"It is thereupon considered, ordered and decreed by said Board that the following commutations of sentences be granted and allowed upon condition that the several persons to whom the same are severally awarded shall hereafter live a law-abiding and peaceful life, and shall during the remainder of the terms of imprisonment to be served conduct themselves strictly in conformity to all rules and regu-

lations of their prisons and faithfully keep and observe all the lawful orders of the keepers having them in charge, in default or violation of which, the Board reserves the right to itself without notice or hearing, to revoke the commutations hereby granted and to cause the said convicted persons to serve the full terms of imprisonment for which they severally stand committed, all of which shall be deemed accepted and agreed to by the several convicted persons upon their release hereunder."

The Order of Revocation is as follows:

"*Whereas,* it was provided in said commutation of sentence and the same was granted to and accepted by the said James Wallace upon the express understanding and condition that the said conditional commutation of sentence was to be effective during good behavior or until otherwise ordered by the Board; and

"*Whereas,* The Board has been notified that the conduct of the said James Wallace has not been in accord with the provisions of the said commutation of sentence; that he is now in Wakulla County Jail for the offense of Resisting an Officer, and that he has threatened the lives of several persons in said County; and

"*Whereas,* the State Board of Pardons is satisfied from the above representation that the conditional commutation of sentence heretofore granted to the said James Wallace should be withdrawn, and does hereby order that the said James Wallace be made to serve such portion of his original sentence as had not been served by him at the time of the granting of his conditional commutation of sentence."

The commutation was not granted on condition that "the said conditional commutation of sentence was to be effective during good behavior or until otherwise ordered by the Board," but was on the condition above quoted.

There appears to have been no affirmative finding of the State Board of Pardons or of a court of competent jurisdiction, that the Petitioner had violated either of the conditions named in the order of commutation. At most it is only adjudged that the convict had been charged with the commission of acts or conduct which charges if sustained by proof would show a breach of the conditions of the commutation. This was not sufficient to show a determination by the Board of Pardons or an adjudication that there had indeed and in fact been a breach of the stated conditions by the convict. So it is, the return should be quashed and the Petitioner discharged.

So ordered.

Ellis, C. J., and Terrell, J., concur.

Whitfield, P. J., and Brown and Chapman, J. J., concur in the opinion and judgment.