**ADVISORY OPINION TO THE GOVERNOR**

23 So. (2nd) 619
October 30, 1945

June Term, 1945
En Banc

PER CURIAM:

October 29, 1945

Honorable Millard F. Caldwell
Governor of Florida
Tallahassee, Florida

Dear Governor:

Your letter of the 19th inst., addressed to the Chief Justice and Justices of the Supreme Court of Florida, has been received and given due consideration by the Justices. Your letter very succinctly states the factual background and the

question upon which you request an advisory opinion from the Justices of this Court. Your letter reads as follows:
"Gentlemen:

"Section 12 of Article IV of the Constitution is as follows:

" 'The Governor, Secretary of State, Comptroller, Attorney General and Commissioner of Agriculture, or a major part of them, of whom the Governor shall be one, may, upon such conditions and with such limitations and restrictions as they may deem proper, . . . commute punishment . . . in all cases except treason and impeachment subject to such regulations as may be prescribed by law relative to the manner of applying for pardons.' (Inapplicable provisions deleted).

"On November 20, 1940, the Pardon Board, the name by which the officials mentioned in Section 12 of Article IV, supra, are known and referred to when acting thereunder, commuted to life imprisonment the death sentence which during the preceding year had been imposed upon one Robert Brooks, alias Robert Anderson, alias Frank Anderson, the order of commutation, omitting the convict's name, being as follows:

" 'That the above sentence as imposed upon the said ------------------, be and the same is hereby commuted to life imprisonment in the State Prison with the understanding that if the said ------------------ should ever escape, or attempt to escape from the State Prison, or be connected with any mutiny or riot, that this commutation of sentence stands revoked.'

"During the current year the named convict, while serving the commutated sentence, escaped from the State Prison, but has been re-captured and is now confined in that institution.

"Aware of the provisions of Section 6 of Article IV of the Constitution, 'The Governor shall take care that the laws be faithfully executed,' but in doubt as to the course I should follow under the circumstances above related, I now request your written opinion as to whether or not:

"1. In the performance of the duty imposed upon me by Section 6 of Article IV, supra, it is my duty to determine the fact of the convict's escape and that such fact constitutes a

breach of the conditions of the commutation, or whether the duty is that of the Pardon Board.

"2. Whether or not the determination of the fact of escape and its effect as a breach of the conditions of the commutation, whether the determination be by me or the Pardon Board, restores to full force and effect the original death sentence imposed upon the convict, and

"3. If the answer to the next foregoing question is in the affirmative, whether or not, in the observance of my duty as imposed by Section 6 of Article IV, supra, I should now take such course as may be necessary to fully execute the sentence originally imposed upon the named convict; in the absence of any further commutation."

In answer to your first question, we are of the opinion that it is the duty of the State Board of Pardons who granted the conditional commutation of sentence, to determine whether or not the convict did escape, and whether such escape was effectuated under such circumstances as constituted a breach of the conditions of the commutation.

In answer to your second question, it is our opinion that should the Board of Pardons determine the fact of escape and that it constituted a breach of one of the conditions of the commutation of sentence, which the Board had granted to the convict, it would be within the power and discretion of the Board to record such determination in its minutes and to declare that such breach of condition restored to full force and effect the original death sentence imposed upon the convict; but we are also of the opinion that it is within the power and discretion of the Board to waive this breach of condition of the commutation and leave the original commutation of the death sentence to life imprisonment in full force and effect. Our view is that the constitutional power of the Pardon Board to commute sentences upon conditions implies the power to waive breach of such conditions, or any one of them, if, under all the facts pertinent to such breach, the Board is of the opinion that under such facts the breach of conditions should be waived and the original commutation allowed to stand.

In answer to your third question, it is apparent that if the Board should in their discretion, waive the breach of condition, the commutation of sentence would be restored to full force and effect, but if the Board should decide that such breach of condition should not be waived and that the commutation of such sentence should stand revoked thereby, thus restoring to full force and effect the death sentence originally imposed, then it would become your duty to take such course as may be necessary to fully execute the sentence as originally imposed upon the named convict.

Of course our reference to the Pardon Board or Board of Pardons as it is sometimes called, has reference to the special body created by Section 12 of Article IV of our Constitution.

Considerable light is thrown upon the questions above discussed by the opinions and decisions of this Court in Stone v. Burch, 114 Fla. 460, 154 So. 128; Wallace v. Chapman, 130 Fla. 67, 177 So. 228 and State v. Horne, 52 Fla. 125, 42 So. 388.

Respectfully,

ROY H. CHAPMAN

Chief Justice of the Supreme Court of Florida.

GLENN TERRELL

ARMSTEAD BROWN

RIVERS BUFORD

ELWYN THOMAS

ALTO ADAMS

H. L. SEBRING

Justices of the Supreme Court of Florida.