**EARLY WALKER v. HONORABLE NATHAN MAYO,** State Prison Custodian of Florida.

23 So. (2nd) 673        June Term, 1945

November 9, 1945        Division A

*Early Walker,* in proper person, for petitioner.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for respondent.

CHAPMAN, C. J.:

The petitioner, Early Walker, on June 30, 1933, was convicted in the Circuit Court of Jefferson County, Florida, of an assault with intent to commit murder in the second degree, and for the crime was sentenced to the Florida State Prison for a period of five years. On November 21, 1935, he was granted a conditional pardon containing the express condition that Early Walker shall hereafter live a law-abiding and peaceful life. The said Walker agreed to live a law-abiding and peaceful life and accepted the conditional pardon and was released from custody.

On June 30, 1945, the Board of Pardons rescinded and cancelled the aforesaid conditional pardon previously issued to Early Walker, because he violated the conditions of his pardon in that he failed to live a law-abiding and peaceful life because on September 15, 1943, he was convicted in the Federal District Court on the charge of the unlawful possession,

control and custody of an illicit distillery, and was given a two-year sentence. Walker was taken into custody and is now serving the remainder of his original sentence.

In a petition for a writ of habeas corpus Walker contends that he is being unlawfully detained and denied rights vouchsafed by both the State and Federal Constitutions. Our study of the case leads unquestionably to a different conclusion. An answer to each question raised has been adversely decided by this Court in the case of State v. Horne, 52 Fla. 125, 42 So. 388, 7 L. R. A. (N.S.) 719. See Stone v. Burch, 114 Fla. 460, 154 So. 128; Wallace v. Chapman, 130 Fla. 67, 177 So. 228.

The return, as made by the Honorable Nathan Mayo, State Prison Custodian, to the writ of habeas corpus previously issued, is in all respects sustained and the writ so issued is quashed and the petitioner is remanded to custody to serve the remaining unserved portion of his five-year sentence as entered by the Circuit Court of Jefferson County, Florida.

It is so ordered.

TERRELL, BUFORD and ADAMS, JJ., concur.