## *In re* MOY CHEE KEE *et al.*

*(Circuit Court, N. D. California.* December 24. 1887.)

1. COSTS—IN HABEAS CORPUS PROCEEDING—REV. ST. U. S. § 828.

An application for a writ of *habeas corpus* is a proceeding *sui generis*, and the provisions of Rev. St. U. S. § 828, regulating the fees of clerks of the circuit and district courts, do not govern in the taxation of costs in such proceedings.

2. SAME—DISCRETION OF COURT.

The court, in its discretion, may fix a reasonable fee to be paid by the petitioner in *habeas corpus* cases, which fees, when collected, are to be accounted for as in ordinary cases.

On Writ of *Habeas Corpus.* Application to tax costs.

*Thos. D. Riordan* and *L. I. Mowry*, for petitioners.

*John T. Carey*, U. S. Atty., for the United States.

Before SAWYER, Circuit Judge, and SABIN, District Judge.

SAWYER, J., (SABIN, J., *concurring.*) The petitioner is a subject of China, of the Mongolian race, who, on arriving at the port of San Francisco, on the steam-ship City of Sidney, from China, in September, 1887, claimed a right to land under the treaty and laws of the United States. The collector having refused to permit him to land, he sued out a writ of *habeas*

*corpus* in this court, and, after examination, was discharged by the court. At the time of issuing the writ, the attorney for the petitioner, upon the request of the clerk, as usual in such cases, since January 1, 1887, deposited with the clerk, the sum of $15, upon the understanding, on the part of the attorney and the clerk, that the fees properly chargeable at the conclusion of the proceeding, would be paid out of the deposit, and any surplus remaining returned to the attorney. It was understood by both clerk and counsel that this sum was a *deposit only*, for the purpose indicated. The question as to what amount of fees is properly taxable, has never been determined by the courts, and different opinions are entertained on the point by the clerks of the circuit and district courts; and even the attorneys themselves are not fully satisfied on this point. It was their business and duty to present the question for adjudication; but it was, perhaps, from press of business, omitted to be done; consequently, the question as to how much should be taxed in these cases has never before been brought to the attention of the court. The counsel for the petitioner now asks that the costs be taxed by the court, and limited to eleven dollars, and that the remaining four dollars be returned to him as belonging to his client. The clerk is ready and willing to return that amount, if $11 is the sum properly taxable, and he can return it without being held responsible for the whole $15 to the government. The parties now present this case and many similar cases, and request the court to make a proper taxation of the costs, and such order in the case as the rights of the parties require.

The clerks of the two courts, district and circuit, have heretofore supposed that the proper amount to be taxed depends upon the question whether the fees should be taxed under one or the other of two clauses of section 828 of the Revised Statutes, the first clause of which provides fees "for making dockets, and indexes taxing costs on the trial or argument of a cause *where issue is joined and testimony given*, three dollars;"—in this circuit, six dollars. The second clause for doing the same things, in a cause "where judgment or decree is made or rendered *without issue*, one dollar;"—in this circuit, two dollars, which makes a difference of four dollars in the costs properly taxable in each case. The clerk of the district court thinks and acts upon the idea, that the first clause is applicable, while the clerk of the circuit court thinks there is no issue within the meaning of the statute, and the smaller sum only should be taxed, under the second clause; but for his own protection he receives a deposit of $15 to cover all costs that may be found taxable, till an authoritative ruling is had upon the point. After a careful consideration of the question, we think that the case does not come under either clause; and, further, that section 828 of the Revised Statutes does not apply to writs of *habeas corpus* at all. It applies only to the ordinary litigation in the courts in common law, equity and admiralty cases, and other ordinary litigation where there are regularly two parties litigating some right between them, and where the prevailing party recovers his costs of his opponent,—cases wherein there is a plaintiff and a defendant in the ordinary sense of these terms.

If the petitioner is a plaintiff, and the party making the return is a

defendant, in the ordinary sense of these terms, and the section is applicable, then the petitioner, when he is discharged, should recover his costs against the party detaining him, and, when remanded, the party to whose custody he is remanded should recover his costs against the petitioner. Section 983, Rev. St. But nothing of this kind has ever been done in any *habeas corpus* cases of any kind in this or any court, so far as we are aware. Some time ago, in one of the *habeas corpus* cases arising under the laundry ordinance, where a party held in custody by the sheriff was discharged, his counsel demanded a judgment for costs against the sheriff. Upon examination, the court became satisfied that it was not the practice for the party succeeding to recover costs from his opponent, if opponent he can be called. The court was assured that in the state courts no costs are recovered in such cases.

This class of cases, with respect to fees, is like naturalization cases, *sui generis*, in which the United States supreme court, in a case elaborately considered, recently unanimously decided that the clerk's fee-bill, provided for in section 828, had no application,—that this, and other cognate provisions of the statutes, only apply to "ordinary suits between party and party prosecuted in court." It was held that there was no provision prescribing or forbidding fees in naturalization cases, and that the amount was left to be fixed at some reasonable sum in the discretion of the court. *U. S.* v. *Hill*, 120 U. S. 169, 7 Sup. Ct. Rep. 510.

In our judgment, this case, in regard to the extraordinay writ of *habeas corpus*, which under ordinary circumstances is seldom invoked, stands upon precisely the same footing. Like naturalization cases, *habeas corpus* cases are special cases, and, nowhere mentioned in the fee-bill. There is no provision authorizing or forbidding the taking of fees in these cases. There is in fact no legal necessity for these cases to come into court at all. The judge can issue the writ, and hear and dispose of the case at chambers, doing the clerical work himself without the intervention of the clerk at all; in which case there would be no fees. This cannot be done in naturalization cases. But, from considerations of convenience, and for the purpose of keeping a record, and the avoidance of so much clerical work on the part of the judge, this course is seldom pursued in *habeas corpus* cases. Indeed, in this class of cases, it would impose so much non-judicial labor on the judge as to render it impracticable. As the clerk's time, services, and stationery are required in issuing writs, filing returns, swearing witnesses, entering orders and judgments, and making a roll and record, it is but proper that he should be paid by the party requiring those services. There undoubtedly may be cases on *habeas corpus* where, under peculiar circumstances, it would be proper, and even necessary, for the court to require the performance of this service without compensation. The writ is a writ of right, and parties without means and without fault, may find themselves in a position to render it necessary for them to invoke the aid of the writ without charge. But this is not of that class. During this year these cases require more than half the labor, and entail more than one-half the expense, on the clerk's offices. The writ is used to enforce a civil right under the treaty and the laws. The parties

interested knowingly and voluntarily take the risk when they come here, and they should certainly pay the necessary costs in these cases. As there is no statute providing what the fees should be, under the ruling of the supreme court in the case cited, it is competent under the same ruling for the court to fix it at some reasonable sum, which may be in items, or a fixed sum for each case. We know of no better or safer way, than to adopt, by analogy, about the fees for precisely similar service as provided in section 828 of the Revised Statutes. As it is not quite clear which of the two clauses quoted at the commencement of this opinion would govern, were the provisions of that section applicable, and as there is usually but little time occupied in taking testimony in each case, we will adopt, substantially, the one providing for the smallest amount.

Adopting, by analogy, the rates established, the taxable fees will not vary much from $11. Some may be a little less, and some a little more, but not much either way. And to save the time and trouble of special taxation by items, and the labor of so much book-keeping by items, we will tax the fees in each case brought to a hearing and decision thereon at $11. In adopting eleven instead of fifteen dollars as the taxable costs, we do not desire to be regarded as in any respect criticizing the action of the clerk of the district court in collecting fifteen dollars. There was good ground for doubt upon the construction of the statute, and it was perfectly proper for him, in the absence of any authoritative construction, to be on the safe side, and even if $15 should be adopted by the district court, instead of $11, we do not think there would be any reasonable ground for complaint. If we are wrong in the views expressed, that the section of the statute referred to, (section 828,) is inapplicable to this class of cases, still we think the costs should be taxed under the last clause, which would lead to substantially the same result. The proceedings are special and peculiar, and so different from those in ordinary litigation, that all the provisions cannot be literally applied. Like proceedings in naturalization cases, they are *sui generis*, to which the provisions of section 828 do not apply. We can only apply them by analogy; and we think the last clause cited more nearly analogous than the first. As those fees are for official service, they are part of the official income of the clerk, as clerk, and, like other fees, are to be accounted for as has been always heretofore done to the government. With the surplus deposited by the consent of parties, and held till the proper amount of fees to be collected should be authoritatively determined, the government has no concern.

It is ordered that the fees in this case be taxed at $11, and that in all other cases arising in the year 1887, brought to a final hearing and a decision thereon, in which the fees have not yet been finally adjusted with the attorneys, and all such cases hereafter arising, the fees be taxed at $11, and that the clerk, in his returns to the government, in all such cases, account for $11 per case, and that the remainder of the deposits in the hands of the clerk, after paying the sum taxed as costs, be returned to the attorneys for the respective petitioners and owners.