## STATE EX REL. SHANNON v. REYNOLDS.

[Argued, October 4, 1893.   Decided, October 17, 1893.]

HABEAS CORPUS—*Costs.*—One who invokes the writ of *habeas corpus*, without meritorious cause, may be properly taxed with the costs of the proceedings under ₴ 506 of the Code of Civil Procedure.   (*State ex rel. Newell* v. *Newell, ante,* page 302, cited.)

On motion to retax costs in *habeas corpus* proceeding. Denied.

*J. W. Shannon,* for relator.

Per CURIAM.—In this case relator sued out a writ of *habeas corpus* from this court. Upon hearing of that proceeding he was remanded to the custody from whence he was brought under the writ, and the costs of the proceeding were taxed against him. He now moves this court to reconsider the question of so assessing the costs against him, claiming that the taxation of costs against one invoking the writ of *habeas corpus* is not warranted in law, but he cites no cases whatever in support of that proposition.

Code of Civil Procedure, § 506, provides: "SEC. 506. When the decision of a court of inferior jurisdiction in a special proceeding is brought before a court of higher jurisdiction for a review in other way than by appeal, the same costs shall be allowed as in cases on appeal, and may be collected by execution, or in such manner as the court may direct, according to the nature of the case."

This question was also thoroughly considered in *State* v.

*Newell, ante,* p. 302, reaching the conclusion that the law contemplates the taxation of costs against the party invoking the writ without meritorious cause.

*Motion overruled.*

HARWOOD and DE WITT, JJ., concur.