# EX PARTE GUILLERMO PEREZ.

---

No. 977.

ON APPLICATION OF A FOREIGNER TO SUE IN FORMA PAUPERIS.

Habeas Corpus — Fees.
    1. Habeas corpus proceedings are *sui generis*, and are not governed by the statute as to costs. Nevertheless, persons desiring to take the aid of officials must pay them some reasonable compensation, and § 828 of the Revised Statutes, U. S. Comp. Stat. 1901, p. 635, follows by analogy.

Suit In Forma Pauperis — Foreigner.
    2. Under the act of 1892 a foreigner cannot sue *in forma pauperis.* This is a privilege of a citizen of the United States.

Opinion filed September 15, 1913.

---

*Mr. T. D. Mott* for petitioner.

*Mr. W. N. Landers, amicus curiæ.*
    VI. Porto Rico—18.

Ex parte Perez.

HAMILTON, Judge, delivered the following opinion:

This is an application for leave to file a petition for a writ of habeas corpus without making the usual deposit for costs, fixed at $25 by a general rule of court. The applicant is a foreigner, a citizen of Venezuela, and he seeks to take advantage of the act of Congress of July 20, 1892, authorizing suits and actions *in forma pauperis* (27 Stat. at L. p. 252, chap. 209, U. S. Comp. Stat. 1901, p. 706).

The subject of costs is provided for by the Revised Statutes, § 828, U. S. Comp. Stat. 1901, p. 635, but it has been held that the habeas corpus proceeding is *sui generis,* and is not governed by the specific terms of this section. Re Moy Chee Kee, 33 Fed. 377. Nevertheless, the court in that case, as have courts in many other cases, required the petitioner to make a deposit, against which costs were subsequently charged up. In that case, coming from California, the court followed the analogy of § 828, and directed the officers to collect fees analogous to those charged in ordinary litigation, amounting to $11. In other words, the petitioner avails himself of the services of the officers, and must pay them for their services at the usual rates.

The act of 1892 as to suing *in forma pauperis* had not been passed at the time that the case of Moy Chee Kee was decided, (1887), and no later case directly in point has been called to the attention of this court. It is apparently, to that extent, one of novel impression.

The act of 1892 as to proceeding *in forma pauperis* is by its terms limited to suits and actions by a citizen of the United States. Only to this extent are litigants exempted from providing for payment of costs to officers of the court. The applicant

Ex parte Perez.

in the case at bar is confessedly not a citizen of the United States, and the proceeding in question is not an action at law or a suit in equity. It is *sui generis,* and the exemptions of the act of 1892 do not apply.

It may well be that in the writ of habeas corpus, being a writ of right, parties without means and without fault may find it necessary to invoke the court's aid without charge. Church, Habeas Corpus, § 118. Whatever might have been the rule before 1892, however, the wording of that act seems to indicate the general policy as to legal proceedings to be to limit this exemption to citizens of the United States. As observed by the court in Re Moy Chee Kee, such parties in interest knowingly and voluntarily take the risk when they come here, and should pay the necessary costs. The immigration acts, it should be remembered, are designed to keep paupers out of the United States, and it would seem that an application to sue as such would violate the spirit of that legislation, and should not be entertained by the court.

The costs, by analogy, will be fixed at the amount called for in ordinary cases under § 828. As, however, it would seem that the costs are less than in ordinary suits and actions, it is directed that in this and similar cases the preliminary deposit be fixed at $12.50, instead of the usual $25, and any balance over the actual costs shall be returned to the petitioner or his attorney.

It follows that the application to sue without provision for costs must be denied, and it is so ordered.