STATE, *ex rel.* FRED R. BROWN, v. NATHAN MAYO, as State Prison Custodian, and L. F. Chapman, as State Superintendent.

171 So. 822.

Division B.

Opinion Filed January 9, 1937.

*E. L. Bryan,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Respondents.

BUFORD, J.—This is an original habeas corpus proceeding. The record shows that petitioner pleaded guilty and was adjudged guilty of a felony on the 11th day of October, 1927, and was sentenced to serve a period of seven years at hard labor in the State Prison.

On January 17, 1931, petitioner was granted a conditional pardon. The pertinent part of the pardon granted is as follows:

"It was, therefore, ordered that the said FRED R. BROWN be granted a conditional pardon, upon the condition that he hereafter lead a sober, peaceable and law-abiding life. This pardon is granted to and accepted by the said FRED R. BROWN upon the express understanding and condition that if at any time hereafter any person shall make complaint before the State Board of Pardons or the Governor of this State that the said FRED R. BROWN has violated any of the above conditions, the said Board or the Governor shall have full power and authority, without notice to the said FRED R. BROWN to investigate and inquire into such alleged breach of conditions, and if satisfied, after such investigation, that any of the conditions hereof have been violated, may order the said FRED R. BROWN arrested by any sheriff or constable and immediately deliver to the State prison authorities, and he shall thereafter suffer such part of said original sentence of said court as has not already been suffered by him at the date of this pardon.

Therefore, be it known that the said FRED R. BROWN is hereby granted a CONDITIONAL PARDON upon the stipulated conditions mentioned and enumerated herein."

The revocation of the pardon occurring on the 11th day of August, 1936, is as follows:

"WHEREAS, on the 17th day of January, A. D. 1931, a conditional pardon was granted to one Fred R. Brown, who was convicted in the Circuit Court of Brevard County, Florida, at the Fall Term thereof, A. D. 1927, of the offense of Unlawful Carnal Intercourse with an Unmarried Female under the age of 18 years and sentenced therefor to serve seven years in the State penitentiary; and

"WHEREAS, it was provided in said conditional pardon, and the same was granted to and accepted by the said Fred R. Brown, upon the express understanding and condition that the·said conditional pardon was to be effective during good behavior or until otherwise ordered by the Board; and

"WHEREAS, the Board has been officially notified that the said Fred R. Brown on the 27th day of March, A. D. 1934, plead guilty on seven counts of Violation of the National Motor Theft Act and was sentenced therefor to three years on each count, same to run concurrently, in the Federal Penitentiary, Atlanta, Georgia; that since his release from the said Federal Penitentiary he has been arrested in Tampa, Florida, and held for investigation; and

"WHEREAS, the State Board of Pardons is satisfied from the above representation that the conditional pardon heretofore granted to the said Fred R. Brown should be withdrawn, and does hereby order that the said Fred R. Brown be made to serve such portion of his original sentence as had not been served by him at the time his conditional pardon was granted."

The petitioner makes two contentions. The first is that because the original time of the sentence had expired when the pardon was revoked the revocation is not effective. This Court determined that contention adversely to the petitioner in State v. Horne, 52 Fla. 125, 42 Sou. 388, wherein we said:

"Where a prisoner has accepted a conditional pardon and has been released from imprisonment by virtue thereof, but· has violated or failed to perform the·condition, conditions or any of them, the pardon in case of a condition subsequent, becomes void and the criminal may thereupon be re-arrested and compelled to undergo the punishment by·

his original sentence or so much thereof as he had not suffered at the time of his release."

To like effect was Alvarez v. State, 50 Fla. 24, 39 Sou. 481.

In the Horne case it was also said:

"A conditional pardon may by its express terms provide that upon violation of the conditions the offender shall be liable to summary arrest and recommitment for the unexpired portion of his original sentence. Such stipulations upon acceptance of the pardon become binding upon the convict and authorize his rearrest and recommitment in the manner and by or through the officials authorized as stipulated in the pardon."

In the Alvarez case, as was pointed out by Justice TAYLOR, it was said:

"Where a convict has been released under a conditional pardon his rearrest and recommitment to his original sentence cannot be had upon the mere order of the Governor or Board of Pardons alone, unless such course is *provided by statute, or by the express terms of the pardon.* The convict, in the absence of a statute or of express provisions in the pardon to the contrary, is entitled to a hearing before some court of general criminal jurisdiction in order that he may show that he has performed the condition of the pardon, or that he has a legal excuse for not having done so, or that he is not the same person who was convicted; and on such a hearing the court may, *in its discretion,* take the verdict of a jury as to the facts involved."

But, in that case, it was also said: "The law is settled that where a criminal accepts a pardon he accepts it subject to all its valid conditions and limitations and will be held bound to a compliance therewith."

In the instant case the pardon was granted on the specific condition shown in the record above quoted.

The revocation of the pardon shows that conditions have occurred which under the terms and conditions of the pardon warrant its revocation.

So the petitioner should be remanded to the custody of the Respondents.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.