STATE, *ex rel.* LOUIS MORENCO, v. NATHAN MAYO, as State Prison Custodian, and L. F. CHAPMAN, as State Prison Superintendent.

175 So. 806.

Opinion Filed September 3, 1937.

*E. L. Bryan,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Respondents.

BUFORD, J.—This is an original proceeding in habeas corpus. The question which we are requested to determine is: "Where a prisoner has been paroled by the State Board of Pardons for a period of six months, and one of the conditions of the parole is that it was to be effective during good behavior, or until otherwise ordered by the Board, can said parole be revoked during the period of six months by the State Board of Pardons? And where it affirmatively appears from the writ of habeas corpus and return thereto that the six months period of parole has expired, can the Supreme Court, under said writ and return, release said prisoner, and if so, for how long?" The order of parole entered March 18th, 1936, was a follows:

"THEREFORE, BE IT KNOWN, THAT the said Louis Marenco be, and he is hereby paroled into the care and custody

of Reverend C. W. Duke, Tampa, Florida, for a period of six months, who is required to report periodically to the Board as to his conduct, effective during good behavior or until otherwise ordered by the Board, at the expiration of said time he is to return to the Florida State Penitentiary, Raiford, Florida, and serve the remainder of his original sentence."

It will be observed that by the express terms of the order the Board of Pardons limited the extent of the period of parole "until otherwise ordered by the Board." Therefore, the Board of Pardons reserved the right to cancel the parole at any time. Whether or not the parole should be cancelled before the end of the period of six months was retained as a matter in the discretion of the Board. See State, *ex rel.* Brown, v. Mayo, 126 Fla. 811, 171 So. 822; *Ex Parte* Elvarez v. State, 50 Fla. 24, 39 Sou. 481.

So it is the contention of the petitioner is without merit and petitioner must be remanded to the custody of respondent.

So ordered.

TERRELL, BROWN and CHAPMAN, J. J., concur.