SEBRING, Justice.
Richard Bailey was indicted for the crime of murder in the first degree. Upon arraignment in open court he plead guilty to the crime of murder in the second degree and was sentenced to life imprisonment. After he had served approximately nine years of his sentence he was granted a conditional pardon upon the condition that he thereafter lead a sober, peaceable and law-abiding life. In respect to the condition thus imposed, the pardon issued by the Board provided:
“This pardon is granted to and accepted -by the said Richard Bailey upon the express understanding and condition that if at any time hereafter any person shall make complaint before the State Board of Pardons or the Governor of this State that the said Richard Bailey has violated any of the above conditions, the said Board or the Governor shall have full power and authority, without notice to the said Richard Bailey to investigate and inquire into such alleged breach of conditions, and if satisfied after such investigation, that any of the conditions hereof have been violated, may order the said Richard Bailey arrested by any sheriff or constable and immediately delivered to the State prison authorities, and he shall thereafter suffer such part of said original sentence of said Court as has not already been suffered by him at the date of this pardon.” (Emphasis supplied.)
Several years later the State Board of Pardons revoked the conditional pardon, the material portions of said revocation being as follows:
“Whereas, it was provided .in said conditional pardon, and the same was *722 granted to and accepted by the said Richard Bailey upon the express understanding and condition that he lead a sober, peaceable and law-abiding life, and
‘Whereas, the Board has been officially notified that the said Richard Bailey has been conducting himself in such a manner that on March 3, 1945, a peace warrant issued in order to protect the family with whom he has been living, he having threatened their lives at the point of a gun.
“Now, therefore, be it resolved that the State Board of Pardons is satisfied from the above representation that the conditional pardon heretofore granted to the said Richard Bailey should be withdrawn, and does hereby order that he shall be immediately returned to the custody of the State of Florida and b'e required to serve such part of the sentence of the Court, wherein he was convicted, which he had' not already served at the date of said pardon, the same as if no pardon had been granted.” •
After he had been taken into custody upon the revocation of pardon, Bailey instituted habeas corpus proceedings to test the legality of his detention. The circuit court denied the relief sought and this appeal followed.
The dominant question bn the appeal is whether the appellant was entitled to a formal hearing before the State Board of Pardons, or before a court of competent jurisdiction, in respect to the truth or falsity of the complaint lodged against him, as a condition precedent to the revocation of his pardon.
This question must be answered against the contentions of the , appellant.
It is settled in this jurisdiction that the pardoning authorities, in granting a pardon after conviction, may impose any condition", limitation or -restriction that is not illegal, immoral, or impossible of performance. State v. Horne, 52 Fla. 125, 42 So. 388, 7 L.R.A.,N.S., 719. When a convict accepts a pardon containing such conditions, he accepts it subject to the terms imposed, and will be held hound to a compliance therewith. Alvarez v. State, 50 Fla. 24, 39 So. 481.
A conditional pardon may, indeed, most often does, contain the provision that whenever the pardoning authority is satisfied from an investigation of the facts that the convict is violating the conditions imposed therein, the offender shall he liable to summary arrest and recommitment for the unexpired portion of the original sentence. Where the convict accepts a pardon containing such a stipulation he will not thereafter be heard to say that such stipulation is not binding upon him.
The judgment appealed from should be affirmed upon authority of Alvarez v. State and State v. Horne, supra, and State ex rel. Brown v. Mayo, 126 Fla. 811, 171 So. 822.
It is so ordered.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ„ concur.