SEBRING, Justice.
This is a habeas corpus proceeding wherein petitioner, Robert Beal, claims that he is being unlawfully deprived of his liberty because the Board of Pardons of the State of Florida was without jurisdiction to enter that .certain order dated June 10, 1953, by authority of which he was reincarcerated.
In January, 1931, the petitioner received sentences in the Criminal'Court of Record for Hillsborough County, totaling fifteen years,..for breaking and entering- and larceny. On April.. 10, ,1935, the State Board of Pardons released him by an order providing as follows: “That the said Robert Beal be, and he is hereby, paroled into the care and custody of Mr. J. A. Barrington, Blountstown, Florida, April 14th, A.D. 1935, who is required to report to the Board once each three months as to his conduct throughout the remainder of his original sentence,, thereby remitting the remainder of his original sentence, effective during good behavior or until otherwise ordered by the Board.” ....
No’ reál contention is made that there was in fact no breach of the conditions imposed, and petitioner does not deny the allegation in the return herein that shortly after his release and without consent of the Board he removed himself from the control of his custodian, Mr. Barrington. But petitioner apparently proceeds upon the theory that by the expiration of the period of the original'sentence the Pardon Board lost jurisdiction io. i-evoke its order and require petitioner,to serve the .balance of his original sentence:
The authority of the State Board of Pardons under .Article IV, § 12, of the Florida Constitution,, F.S.A., is only to “commute punishment, and grant pwrdon after conviction * * (Emphasis supplied.) It is apparent, therefore, that while the Board, in terms, granted petitioner a “conditional parole,” it was in law a conditional pardon, the propriety of which has long been recognized. Marsh v. Garwood, Fla., 65 So.2d 15. Such being the case, recommitment for breach of condition is proper notwithstanding the fact that the period of original sentence has expired when the conditional pardon is revoked. State ex rel. Brown v. Mayo, 126 Fla. 811, 171 So. 822. It is settled that conditions of commutation voluntarily accepted by a prisoner become binding on him. Ex parte Alvarez, 50 Fla. 24, 39 So. 481; Chastain v. Mayo, Fla., 56 So.2d 540.
However, by way of purported traverse to the return of the respondent the *369 petitioner also contests - the sufficiency of the adjudication of his guilt at the time of the judgments and sentences against him, as reflected in the minutes of the trial court in each case as follows:
' “Comes-how the■ defendant Robert Beal in his own and proper person and upon being arraigned in open court entered a plea of guilty as charged in- the information.
“Now on this day came in person the defendant Robert Beal and being asked ■by the court whether he had anything to say why the • sentence of - the law. should not now be pronounced upon him, say nothing,
“It is therefore, the Judgment, order and sentence of the court that you Robert Beal for the'crime,of which you have been and stand convicted be imprisoned in the State ' Penitentiary of the State of Florida, for a period of (2%) Two and one half years, from the date of your delivery to the officers thereof.”, ;
The case of Anderson v. Chapman, 109 Fla. 54, 146 So. 675, 677, is conclusive -of this issue.' While acknowledging the defective' nature of a minute entry precisely like the one involved in this cáse, the court pointed out that “nevertheless it does' recite the fact that with the approval of the court the defendant has been and stands convicted of the described crime.” Therefore, there is in such instances “not such a complete absence of any adjudication at all, as will make the judgment and sentence * * * subject tp being set aside on habeas corpus.” Compare Rolle v. Mayo, Fla., 63 So.2d 638, with Jones v. Mayo, Fla., 61 So.2d 480.
Accordingly, the petitioner should be remanded to custody.
It is so ordered.
ROBERTS, C. J;, and MATHEWS and DREW, JJ., concur.