**Application of George James SPRACHER For a Writ of Habeas Corpus.**

**No. A-13269.**

District Court, Alaska
Third Division, Anchorage.

April 30, 1957.

William T. Plummer, U. S. Atty., Anchorage, Alaska, for respondent.

James K. Tallman, Anchorage, Alaska, for petitioner.

McCARREY, District Judge.

The applicant filed a petition for a writ of habeas corpus, which was allowed, and a hearing was held at considerable expense to the Government in that it was necessary for them to pay the transportation and per diem expenses of three witnesses from the City of Kodiak to Anchorage to testify at the hearing.

The court found the contentions of the petitioner, as set forth in his petition for a writ of habeas corpus, to be entirely without merit.

This matter comes before the court upon an oral motion made by the United States Attorney for costs and attorneys fees.

■ It is apparently well settled that a habeas corpus proceeding is civil in nature. 25 Am.Jur. 151; Fisher v. Baker, 1906, 203 U.S. 174, 27 S.Ct. 135, 51 L.Ed. 142; Ludwick v. Webb, 1945, 23 Wash.2d 115, 160 P.2d 504.

Under 55–11–51 et seq., A.C.L.A.1949, attorneys fees "* * * are allowed, of course, to the plaintiff upon a judgment in the district court in his favor in the following cases: * * *." In the enumeration of the specific cases where costs are allowed as a matter of course, none relates to habeas corpus proceedings (55–11–52, A.C.L.A.1949), nor are there any provisions relating to the taxation of costs in the sections relating directly to habeas corpus proceedings. 66–26–1, et seq., A.C.L.A.1949.

556

General law indicates that such costs are taxable. 25 Am.Jur. 254; Beasley v. Cahoon, 1933, 109 Fla. 106, 147 So. 288; Ex parte Lewis, 1953, 335 Mich. 640, 56 N.W.2d 211; Giles v. State, 1950, 191 Tenn. 538, 235 S.W.2d 24; Annotation, 81 A.L.R. 151. The annotation carries this statement:

"Costs of habeas corpus proceeding may be taxed against the applicant where he is unsuccessful." at page 154.

Other cases have held that the taxation of costs and attorneys fees can only be had where specific statutory authorization exists. U. S. ex rel. Brink v. Claudy, D.C.W.D.Pa.1951, 96 F.Supp. 220. I am not persuaded by such authority, in light of our general costs statutes here in Alaska, and, therefore, feel it would be unwise to base a determination upon such a ground.

Where a habeas corpus proceeding is found to be without merit, the courts have taxed costs, apparently on the basis of the necessity and merit of the proceedings. State ex rel. Shannon v. Reynolds, 1893, 13 Mont. 423, 34 P. 613; In re Moy Chee Kee, C.C.N.D.Cal.1887, 33 F. 377.

While it is certainly the policy of this court to encourage habeas corpus proceedings which are prosecuted in good faith and merit, it should equally be my responsibility to discourage actions which tend to misuse the time and energy of the court and the opposing party without legitimate purpose.

■ Having heard the petition and determined that the allegations of the petitioner were wholly without merit, since the general costs laws of the Territory of Alaska would seem to allow the same and attorney fees, supra, I, therefore, find that the United States Government is entitled to attorney fees in the sum of $100, and costs in such an amount as a total tabulation of the expense vouchers will disclose.

Judgment is hereby directed to be prepared and submitted accordingly.