DEKLE, Justice.
We review by conflict certiorari to the Second District Court of Appeal, its opinion at 251 So.2d 703, holding that a Juvenile Court may not summarily revoke probation of a juvenile without hearing, even though terms of the probation specifically permitted such a revocation of the probation. Conflict allegedly arises from State ex rel. Bailey v. Mayo, 65 So.2d 721 (Fla.1953), wherein this Court held that a convict, who expressly consents, can receive a conditional pardon which contains terms for a summary revocation. Fla.Const. art. V, § 4(2), F.S.A.
The district court relies upon In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527; and Richardson v. State ex rel. Milton, 219 So.2d 77 (Fla.App.3d 1969). We must agree.
Our action may be frustrating and discouraging to some juvenile court judges and personnel in matters like this where they have gone to such special efforts at fairness in the interest of the juvenile, in order to give him a second and then a third chance, only to be required once again to go through proceedings for an appropriate showing on the grounds for revocation. No doubt they wonder why they *498 cannot simply make a determination and then upon granting the “fourth strike” to the juvenile, not have to be bothered again with going through proof of violation.
We are sympathetic and at the same time commend the great efforts which juvenile courts and officials extend in their efforts to help juvenile offenders and to get them on the right road. We must not, however, in our conscientious endeavors thereby overlook or negate basic constitutional rights involved. Such precedents would be dangerous ones in other cases where the motive was not as high or as well motivated or where the facts were unknown or tragically incorrect.
Perhaps the answer to any perplexity about such strict requirements lies in the probability that there may not be any “shortcuts” to justice. The legal principles and constitutional rights which have preserved us a nation are either observed or they are violated. No matter how well intended, there cannot be any “homespun”, “living room” approaches to matters of such grave consequence to one’s freedom. It may take more time of a busy court but as the inscription on our own Supreme Court Seal reminds us: Sat Cito Si Recte —Soon enough if correct.
Due process must be observed in every case. Here it means a reasonable hearing before probation can be revoked, no matter what the reservation or conditions may have been in the earlier granting of the probation. Circumstances change; presumptions cannot be indulged. There is always the very real possibility that the “offending” probationer had a perfectly valid reason for his actions which would be good cause for not revoking probation and these should be heard.
It may be that some will feel that if this be the case then he simply should not have been put on probation in the first place. That just may be so, and if such is one’s view then the action should be taken then and there and leave any error to appellate review. BUT if provision is to be made for probation, it cannot be later revoked because of the present offenses on which he is placed on probation to begin with (or placed on a “second” or extended probation). The offense is the violation of the probation, not the earlier offense for which he was placed on probation. Each is a separate charge or offense and the circumstances are entitled to be heard on either side at that point. We cannot condone a summary right of revocation despite a well intended objective.
Here there was an initial violation of probation; it was at this juncture that the “conditional” extended probation was granted with the provision for a summary revocation for any violation, with the juvenile being placed on probation in custody of his parents, presumably pursuant to Fla.Stat. § 39.11(2) (a), F.S.A. After an extended absence from the state in violation of the extended probation order, the juvenile was brought before the court without being given opportunity to summon witnesses on his behalf to be heard on the alleged violation. He was summarily committed to the custody of Youth Services of the State of Florida. This is said to be an established procedure to place such a condition on any probation after the initial violation of an original probation.
Contesting his confinement, the juvenile instituted a habeas corpus proceeding before the Circuit Court, 6th Judicial Circuit. The circuit court had jurisdiction. Richardson v. State ex rel. Milton, supra. Upon review, the circuit judge certified the following question to the 2nd District Court pursuant to F.A.R. 4.6, 32 F.S.A. :
“Under the facts as stated above and as shown by the exhibits, may a Juvenile Court, after finding that a juvenile on probation has violated conditions of probation, continue the probation under an order which also commits the juvenile and then later without hearing enforce the commitment portion of the order?”
*499 The district court answered in the negative. A juvenile court may not summarily revoke an order of probation; a full and proper hearing is required in the immediate probation revocation. We are in accord with the well reasoned opinion of Chief Judge Pierce. Richardson v. State ex rel. Milton, supra, supports this view by refusing to apply Gault retroactively in revocation of probation hearings but intimating Gault’s prospective application in such proceedings.
Upon this further consideration, we find no conflict as initially appeared with State ex rel. Bailey v. Mayo, supra. The matter of a conditional pardon there was a matter of grace by the State Pardon Board and proceeds under different principles which would make it binding and controlling so long as the conditions were reasonable and were accepted by the defendant.
Therefore, the lack of conflict dispels our jurisdiction and accordingly the writ of certiorari tentatively issued is
Discharged.
ERVIN, Acting C. J., BOYD and Mc-CAIN, JJ., concur. •
DREW, J. (Retired), concurs specially with opinion.
CARLTON, J., dissents.